THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* HARRY
F. COHEN, Defendant.

In the Matter of the Application of HARRY F. COHEN to Review
the Revocation and Suspension of His Automobile Operator's
License No. 1778012 N. Y., and Certificate of Registration
No. 7X3754, Pursuant to Section 290-a of the Highway Law.

Supreme Court, Orange County, August 13, 1926.

Motor vehicles — operator's license and certificate of registration — appli-
cation to review revocation of license and certificate by recorder of city
of Newburgh — recorder's action followed conviction of defendant
under Highway Law, § 286, subd. 1, based on inadequacy of brakes —
recorder had right to revoke license and certificate under Highway Law,
§ 290-a — review of action of recorder cannot be made by summary
application to Supreme Court where revocation based on conviction —
appeal is proper remedy.

The revocation of defendant's operator's license and certificate of registration
of his automobile by the recorder of the city of Newburgh, following a con-
viction of the defendant under subdivision 1 of section 286 of the Highway Law,
based on inadequacy of brakes, was authorized by section 290-a of the Highway
Law, in the discretion of the recorder. It seems that the recorder exercised
his discretion properly.

The defendant cannot have a summary review of the action of the recorder by
an application to the Supreme Court to review the revocation of the license
and certificate, since the revocation followed a conviction, and it would seem
that the proper procedure would be by appeal.

APPLICATION to review revocation and suspension of automobile
operator's license and certificate of registration, pursuant to section
290-a of the Highway Law.

*Albert Ottinger, Attorney-General* [*Maurice J. Kaman* of counsel],
for the plaintiff.

*Henry Hirschberg*, for the defendant.

*John B. Corwin, Corporation Counsel of the City of Newburgh,
N. Y.*, for the respondent George B. Overhiser, recorder of said
city.

GEORGE H. TAYLOR, JR., J. Harry F. Cohen, the applicant
was convicted of misdemeanor before the recorder of the city of
Newburgh, for violation of the Highway Law (§ 286, subd. 1, added
by Laws of 1910, chap. 374, as amd. by Laws of 1925, chap. 310) in
that his automobile lacked " adequate brakes." Upon such convic-
tion the sentence imposed upon Cohen was a fine of thirty dollars.
In addition the recorder revoked the operator's license of Cohen and

his certificate of registration of his automobile, claiming to act in pursuance of Highway Law (§ 290-a, added by Laws of 1924, chap. 360, as amd. by Laws of 1925, chap. 440). The said section requires in a mandatory way the revocation of such a license and certificate upon any of certain convictions, not including, however, the violation charged against the applicant as above specified, and of which he was convicted; and discretion is thereby vested in certain officials, including the magistrate here, respondent, to suspend or revoke such a license and certificate " for any other violation of this article not already mentioned," (which includes section 286, subdivision 1) " as shall, in the discretion of the officer acting hereunder, justify such revocation or suspension." Assuming that the said recorder's exercise of discretion is reviewable in the Supreme Court in the summary fashion which this application presents, in so far as the evidence before the recorder is concerned, I think it justified the said exercise of his discretion in the matter of the suspension, particularly as no evidence was offered on defendant's behalf to controvert the proofs of the defendant's alleged violation of law, offered by the People. The right to such summary review is challenged by the respondents, however, and I think it is properly challenged. The statute provides: " Except as expressly provided, a court conviction shall not be necessary to sustain revocation or suspension. Revocation or suspension hereunder shall be deemed an administrative act reviewable by the supreme court as such. * * *." I think it is clear from the context and I hold that the Supreme Court review contemplated (whatever its form may be) relates to suspension or revocation *not* upon a conviction; and that the applicant's remedy is by appeal and not by summary application to the Supreme Court, in a case where the suspension has been preceded by a conviction, as here. Whether the statutory review of the " administrative " act contemplates certiorari or a summary application like the one at bar need not be decided. In the situation here presented, I determine that the error (if any) of the learned recorder, in convicting the applicant and suspending his license and certificate cannot be summarily reviewed. In passing I state my opinion that no constitutional right of the applicant has been invaded. His license to operate and his certificate of registration conferred upon him a privilege and not a right to operate his automobile; it was competent for the Legislature to prescribe the conditions under which such privilege so conferred might be exercised. (*People* v. *Stryker*, 124 Misc. 1.) Nor can it be said that the applicant had no opportunity to be heard in the matter of the suspension ultimately ordered by the recorder, for the former was advised of the claimed violation presented by the

alleged lack of adequate brakes (Highway Law, § 286, subd. 1), and as his knowledge of the law is presumed, he must have known that upon conviction the suspension of his license and certificate, in the discretion of the convicting magistrate, was among the legal possibilities confronting the applicant. Therefore, he had an opportunity to be heard, and to the extent that he was advised, it appears that he availed himself of such opportunity.

Application for the reversal, revocation and vacating of the said determination of the recorder suspending the applicant's license and certificate, and otherwise as requested in the order to show cause, dated May 12, 1926, is denied, but without costs and without prejudice to the applicant's rights upon an appeal from the said determination or otherwise, in any proceeding for the review thereof, except by a summary application such as the one above entitled and now decided.

Settle order on notice before me at Mount Vernon.