THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOSEPH A. ALBRECHT, Relator, *v.* CHARLES A. HARNETT, as Commissioner of Motor Vehicles, Respondent.

Fourth Department, September 22, 1927.

Motor vehicles — suspension of operator's license, chauffeur's license and certificates of registration — licenses were temporarily suspended under Highway Law, § 290, subd. 3 — final order under Highway Law, § 290-a, subd. g — action of Motor Vehicle Commissioner is reviewable on certiorari — common-law rules of evidence need not be followed — temporary suspension prior to hearing not unconstitutional — not error that final suspension was not on same ground as temporary suspension — fact that suspension period has expired does not make question academic.

The relator's operating license, chauffeur's license and two certificates of registration of automobiles were temporarily suspended by the Commissioner of Motor Vehicles on January 27, 1927, under subdivision 3 of section 290 of the Highway Law, on the ground that the relator left the place where an accident occurred without stopping and giving his name. After a hearing the relator's licenses and certificates were suspended until February 11, 1927, under Highway Law, section 290-a, subdivision g, on the ground that he prevented lawful identification.

Certiorari is the proper remedy for the review of the order of the Commissioner of Motor Vehicles.

It was not necessary that the common-law rules of evidence be strictly observed on the hearing and so it was not error to permit the use of an affidavit by one who was present at the time of the accident.

The finding made by the Commissioner of Motor Vehicles that the relator was guilty is not contrary to the weight of the evidence.

The temporary suspension of the certificates of registration prior to the hearing did not violate any constitutional right of the relator.

The basis for the final order of suspension made under subdivision g of section 290-a of the Highway Law that the relator prevented lawful identification is comprehended in the offense named in the temporary suspension made under subdivision 3 of section 290 of the Highway Law and, therefore, the final suspension order was not founded upon a cause different from that with which the relator was charged.

The fact that the period of suspension expired before this proceeding was instituted does not make the question academic in view of subdivision g of section 290-a of the Highway Law, which permits the revocation of licenses and certificates for habitual violation of any of the provisions of article 11 of the Highway Law.

CERTIORARI issued out of the Supreme Court and attested on the 21st day of February, 1927, directed to Charles A. Harnett, as Commissioner of Motor Vehicles, commanding him to certify and return to the office of the clerk of the county of Erie all and singular his proceedings had in revoking automobile licenses and certificates of registration of the relator.

*Albrecht, McGuire & Mills* [*Edward N. Mills* of counsel], for the relator.

*Albert Ottinger, Attorney-General* [*John H. Machan* of counsel], for the respondent.

PER CURIAM. On February 10, 1927, after a hearing before an Assistant Deputy Commissioner of Motor Vehicles, the relator's right to use his operating license, chauffeur's license and two certificates of registration of automobiles was suspended by the Commissioner of Motor Vehicles from January 27 to February 11, 1927, for his " preventing lawful identification " (Highway Law, § 290-a, subd. g) of his automobile after it had collided with another automobile on a State highway on January 15, 1927. On January 27, 1927, relator's right to use the licenses and certificates had been temporarily suspended upon the stated ground (Highway Law, § 290, subd. 3) that on the date mentioned " knowing that damage (had) been caused to a vehicle " (relator) had left " the place where the damage occurred, without stopping and giving his name," etc. Relator attended the hearing with his attorney, and was the sole witness sworn in his own behalf. The matter is before this court for review under an order and writ of certiorari. This is an appropriate remedy.

The finding against relator depended upon sworn testimony of two eyewitnesses, and upon the affidavit of one Roberts, Roberts not having been at the hearing. Relator claims that the use of this affidavit was unauthorized and so damaging that the finding should be set aside. While this hearing was quasi-judicial, still, under the statute (Highway Law, § 290-a, added by Laws of 1924, chap. 360, as amd. by Laws of 1926, chap. 512), the suspension was an administrative act reviewable by the Supreme Court as such and under the circumstances strict conformity with the common-law rules of evidence was not required. (1 Wigm. Ev. [2d ed.] 36, § 4-c; *Matter of Beckley* v. *Pyrke,* 218 App. Div. 352.) The introduction and use of the affidavit of Roberts does not require a reversal, especially since there was ample common-law proof to warrant the finding against relator. (*Matter of Carroll* v. *Knickerbocker Ice Co.,* 218 N. Y. 435.) The finding was not contrary to the weight of the evidence. Whether or not the relator knew he had caused damage to another vehicle or left the place to prevent lawful identification were fair questions of fact.

Relator contends that the temporary suspension of an automobile owner's certificate of registration prior to a hearing is unreasonable, unfair and unconstitutional. We disagree with this view. The suspension of an operator's license has been held

constitutional. (*People* v. *Stryker*, 124 Misc. 1; *People* v. *Cohen*, 128 id. 29, 30.) The use of automobiles, even by owners, is a matter reasonably subject to governmental regulation; and it is our opinion that the general rule applicable to licenses should be applied in this case. In view of the number of mishaps caused through the use of automobiles, the police power of the State reaches this situation.

For the reason that the temporary and final suspension orders specify different portions of the Highway Law, it is contended that the finding against relator was not strictly *secundum allegata et probata.* Section 445 of the Code of Criminal Procedure states that " the defendant may be found guilty of any crime, the commission of which is necessarily included in that with which he is charged in the indictment." The evident purpose of the quoted portion of section 290, subdivision 3, of the Highway Law (added by Laws of 1910, chap. 374, as amd. by Laws of 1926, chap. 732), relative to running away knowing that damage had been caused to another motor vehicle, is to prevent violators of this statute from escaping identification and detection. The quoted portion of section 290-a, subdivision g, of the Highway Law (as added and amd. *supra*) is of no different purport. It would seem that the offense specified in the final order of the Commissioner of Motor Vehicles was fairly comprehended in the offense named in the temporary suspension order, and that by analogy the rule laid down in section 445 of the Code of Criminal Procedure should apply.

The respondent claims that this proceeding does not lie because it was not initiated until after the suspension period had expired — that it is academic. In view of the provision of the Highway Law (§ 290-a, subd. d, as added and amd. *supra*) that licenses and certificates of registration may be revoked " for habitual or persistent violation of any of the provisions of this article," the right of automobile owners to run their automobiles may be permanently taken away because of a repetition of offenses. The principle involved has been passed upon in several of the States, where appeals had been taken after fines had been paid or prison sentences served. There is a divergence of opinion as to whether a review should be permitted in such cases. Under the circumstances here presented we do not feel impelled to follow the holdings, *e. g.*, in *State* v. *Garrety* (90 N. W. [Iowa Sup. Ct.] 76). We prefer to subscribe to the reasoning found in the opinions in *Barthelemy* v. *People* (2 Hill, 248, COWEN, J.); *People* v. *Marks* (64 Misc. 679); *Roby* v. *State* (96 Wis. 667), and *Commonwealth* v. *Fleckner* (167 Mass. 13, OLIVER W. HOLMES, J.). We, therefore, decline to hold that an automobile owner whose certificate of registration has been temporarily suspended — if he invokes the aid of a court of law in certiorari — is

bound to do so before the expiration of a short suspension period, or else find himself unable to remove a stigma upon his standing as an automobile owner which may result in permanent disqualification.

The suspension period having expired, its reasonableness is now not material. The determination of the Commissioner of Motor Vehicles should be confirmed, but without costs.

All concur. Present — HUBBS, P. J., SEARS, CROUCH, TAYLOR and SAWYER, JJ.

Determination of the Commissioner of Motor Vehicles confirmed, without costs.