In the Matter of the Application of JOHN CALI for a Review of an Order Made by the State of New York, Bureau of Motor Vehicles.

Supreme Court, Onondaga County, April 26, 1934.

*Rosenberg & Aloi*, for the petitioner.

*John J. Bennett, Jr., Attorney-General [Irving J. Lessen, Deputy Attorney-General*, of counsel], for the respondent.

SMITH, E. N., J. On December 18, 1933, the petitioner, the possessor of an operator's license to drive an automobile, while driving his automobile was in an accident in which a person was injured.

Upon notice signed by the Bureau of Motor Vehicles, 236 West Genesee street, Syracuse, N. Y., there was a hearing concerning said accident held in accordance with said notice at 236 West Genesee street, Syracuse, N. Y., before one William F. Glasheen, an inspector of the Bureau of Motor Vehicles; at this hearing the

petitioner appeared and was questioned by said Glasheen. Later, the petitioner received a notice in an envelope postmarked Syracuse, N. Y., purporting to come from the Bureau of Motor Vehicles, 236 West Genesee street, Syracuse, N. Y., which stated that an order had been made by said Glasheen suspending the petitioner's operator's license for a period of fifteen days for violation of sections 58 and 74 of the Vehicle and Traffic Law. The petitioner immediately advised Mr. Glasheen that some mistake had been made, and on the twelfth of March Mr. Glasheen replied that the suspension of the license was justified. The petitioner refused to surrender his license, and later received a notice from the Bureau of Motor Vehicles, 236 West Genesee street, Syracuse, N. Y., stating that a hearing would be held at 236 West Genesee street, Syracuse, N. Y., to punish the said petitioner for failure to surrender his license. The petitioner then promptly made this application for an order of certiorari, through an order to show cause, directing " that the Bureau of Motor Vehicles, *by Albert A. Kocher, Deputy Commissioner*, show cause before a Special Term of this court to be held on the 9th day of April, 1934, at 10 o'clock in the forenoon, or as soon thereafter as counsel can be heard, why an order of certiorari ordering *said Albert A. Kocher* to make a return in this matter should not be granted," and that " service of a copy of this order and petition annexed hereto *upon Albert A. Kocher, Deputy Commissioner of Motor Vehicles*, on or before the 6th day of April, 1934, shall be good and valid service."

Section 74 of the Vehicle and Traffic Law, so far as applicable, reads: " Every person operating a motor vehicle * * * which is in any manner involved in an accident in which any person is killed or injured shall forthwith report the matter in writing *to the commissioner.* * * * Failure to report an accident as herein provided shall be a misdemeanor and shall constitute a ground for suspension or revocation of the license or certificate of registration, or of both, of a person operating the motor vehicle."

Section 75 of said law provides that " Every police or judicial officer to whom an accident resulting in injury to a person shall have been reported * * * shall immediately investigate the facts, or cause the same to be investigated, *and report the matter to the commissioner forthwith.*"

Section 71 of the Vehicle and Traffic Law provides, at subdivision 1, as follows: " Any magistrate or judge, in a city or village of the first class, any supreme court justice, any county judge, any judge of a court of general sessions, the superintendent of state police and *the commissioner of motor vehicles or any person deputized by him, shall have power to revoke or suspend the license to drive a*

*motor vehicle* \* \* \* of any person." Subdivision 6 of said section 71 reads as follows: "Revocation or suspension hereunder shall be deemed an administrative act *reviewable by the supreme court as such.*"

According to the provisions of section 71, above quoted, where there is a revocation or suspension of a license to drive an automobile, irrespective of who performs the act of revocation or suspension, the act is " an administrative act reviewable by the Supreme Court as such." The large number of officials who may revoke or suspend licenses are designated for public convenience; but by whomsoever of the officials (*judicial* or police) designated a license is suspended or revoked, the act of suspension or revocation is ." an administrative act reviewable by the Supreme Court as such."

While section 71 in no manner sets up the form of review, the proper form of review is by certiorari. (*People ex rel. Albrecht v. Harnett*, 221 App. Div. 487.) It is within the discretion of the court to fix the time and place of the return to an order of certiorari.

Under the Vehicle and Traffic Law all reports of accidents, and a certificate of every revocation or suspension of a license, must be transmitted to the Commissioner of Motor Vehicles at Albany. (§§ 72, 76.)

The order to show cause why an order of certiorari should not issue was directed to and directed to be served upon *Albert A. Kocher, Deputy Commissioner of Motor Vehicles;* the respondent objects and questions the power of the court to issue an order of certiorari upon an order to show cause why such order should not be issued, for the reason that it was not directed to and served upon the *Commissioner of Motor Vehicles.*

The respondent Bureau of Motor Vehicles by affidavit shows that Albert A. Kocher is a District Tax Supervisor in charge of the Syracuse office of the Department of Taxation and Finance, of which department the Bureau of Motor Vehicles is a subdivision; that the order suspending the license herein was issued by the Commissioner of Motor Vehicles and not by Mr. Kocher or " the hearing referee, Mr. Glasheen, who works out of the Albany office of the Department and under its direction;" that the Commissioner of Motor Vehicles is the custodian of the records of the Bureau of Motor Vehicles, and that only the Commissioner can make a return to a certiorari order.

Had the respondent not appeared on this motion, or had it appeared specially, there would have been force in the objection; but it has appeared generally, and the respondent the Bureau of Motor Vehicles does not dispute that it had actual notice of this

application; if the order to show cause were in other respects in proper form there would be no merit to the objection raised by the respondent, where it has appeared generally.

A more serious difficulty arises from the form of the order to show cause, in that it asks for an order of certiorari directing said *Albert A. Kocher* to make a return in this matter. If this were all there was of the order, said Kocher not being the proper custodian of the papers which would make up the return, there would be merit in the contention of the respondent; in fact, on the papers presented, such an order of certiorari would be futile. If the prayer of the petitioner had been for an order directed to the Commissioner of Motor Vehicles, the Commissioner having appeared generally upon the motion, there would have been no difficulty in granting the prayer. But the order to show cause goes farther and asks " for such other and further relief as the Court may deem just and proper."

Now it is evident that the petitioner is entitled to that which he is seeking, to wit, a review of the order issued by the Commissioner of Motor Vehicles. The order should have been directed to the Commissioner. All parties involved are before the court — the petitioner and the respondent through the appearance on its behalf of the Attorney-General. Therefore, in aid of the prompt administration of justice, to avoid delay, the parties all being here, under the general prayer " for such other and further relief as the Court may deem just and proper," the court, under the circumstances, should look to the substance rather than to the form, and an order of certiorari, directed to the Commissioner of Motor Vehicles, should be granted.

Ordered accordingly.