THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* JOSEPH F. McCLEAN, Defendant.

City Court of Middletown, April 1, 1938.

No appearance for the plaintiff.

Defendant appeared in person.

FAULKNER, J.   The defendant having been charged with having operated in this city his motor vehicle with license plates for the new year 1938 from which there had been cut off the words " New York World's Fair 1939," in violation of section 12, subdivision 2, of the Vehicle and Traffic Law, as amended by chapter 16 of the Laws of 1937, admits the facts underlying the charge but questions whether he is thereby guilty of an infraction.

The 1937 amendment, effective still, provided: " The number plates assigned to all motor vehicles and trailers for the years nineteen hundred thirty-eight and nineteen hundred thirty-nine shall also contain the inscription ' New York World's Fair 1939 ' in such form and design as the commissioner shall prescribe."

. While no particular ground of attack has been urged by the defendant, it is assumed . that it was directed against the constitutionality of such amendment as being a deprivation of liberty or property without due process of law.   This court in. unable to reach the conclusion reached by the learned city judge of Hornell

in the case of *People* v. *Perkins* (166 Misc. 520), where he holds such amendment to be unconstitutional.

It is now beyond question that the operation of a motor vehicle is a privilege and not a right. In *People* v. *Rosenheimer* (209 N. Y. 115–121) this rule was stated by Judge CULLEN in the following language: "Of course, the whole of this argument rests on the proposition that in operating a motor vehicle the operator exercises a privilege which might be denied him, and not a right, and that in a case of a privilege the Legislature may prescribe on what conditions it shall be exercised."

"The privilege of using public highways does not amount to an absolute and unqualified right, but is subject to regulation by the State acting under its police power as sovereign authority. This power of regulation has expanded to meet changing conditions. With the introduction and development of automobiles as a means of conveyance, it has advanced and has conferred ample authority to regulate their use. Accordingly, the Legislature of each State has the power to require the licensing of every motor vehicle operated within its boundaries and to establish detailed and reasonable regulations applicable to their use upon the public highways." (5 Am. Jr. Automobiles, § 16.)

"The general principles of constitutional law and those governing the validity of statutes and ordinances obviously apply in determining the validity of enactments relating to the licensing and registration of motor vehicles. Such enactments, when reasonable, are sustained under the police power." (5 Am. Jr. Automobiles, § 95.)

With respect to motor vehicle operation being a privilege rather than a right, see, also, *People* v. *Stryker* (124 Misc. 1) and *People* v. *Cohen* (128 id. 29). In the latter case Justice TAYLOR said: "In passing I state my opinion that no constitutional right of the applicant has been invaded. His license to operate * * * conferred upon him a privilege and not a right to operate his automobile; it was competent for the Legislature to prescribe the conditions under which such privilege so conferred might be exercised."

By section 12 of the Vehicle and Traffic Law, the Legislature has laid down certain regulations respecting license plates. Of course, it cannot be said that it is directly under the police power that legal justification may be had for the phraseology advertising the World's Fair to be held in New York in 1939. Nevertheless, its inclusion on the license plates interferes with no such rights of either property or liberty as are or should be constitutionally protected. Natural civil and political rights are the rights within constitutional protection, such as the right to life, including those things necessary

to its enjoyment and as the right to liberty, including enjoyment of the individual's faculties in all lawful ways. But it is the essential and not the whimsical rights that are protected.

The defendant claims his conduct was based upon principle, but he might have shown a greater fidelity to it by refusing the license in the first instance.

The defendant is guilty of an infraction of the Vehicle and Traffic Law.