JOHN F. KIRN, Appellant, *v.* HOLTON V. NOYES, Commissioner of Agriculture and Markets of the State of New York, Respondent.*

Third Department, November 12, 1941.

* Revg. 176 Misc. 707.

*Henry S. Manley,* for the appellant.

*Milo R. Kniffen, Counsel to the Department of Agriculture and Markets* [*Robert G. Blabey, Assistant Counsel,* of counsel], for the respondent.

HILL, P. J. This action is for a declaratory judgment. The complaint was dismissed by the Special Term upon the ground that the action was brought prematurely and that plaintiff has a remedy at law through an application to the defendant Commissioner of Agriculture for a construction and determination as to his rights under the license. Plaintiff appeals to this court.

The complaint states that plaintiff operates a dairy farm near the unincorporated village of Port Ewen, town of Esopus, Ulster county, a suburb of the city of Kingston which it adjoins on the south, and that more than 1,000 persons reside within three and a half miles of the business center of Port Ewen. Plaintiff possesses a license as a milk dealer issued to him by defendant under article 21 of the Agriculture and Markets Law, which permits the sale of milk or cream in the Port Ewen marketing area.

Section 253 of the Agriculture and Markets Law, containnig definitions, provides: " ' Market ' means any city, town or village, or two or more cities and/or towns and/or villages and surrounding territory designated by the Commissioner as a natural marketing area." Thereunder and as authorized by section 18 of the act defendant promulgated official order No. 124. The first paragraph reads: " For the purposes of this order, every city and every incorporated village of this State having a population of 1,000 or more, together with all those areas within a radius of three miles

from the outer corporate limits of each such city and incorporated village, and where the population within a radius of 3½ miles from the business center of any unincorporated village is 1,000 or more, all that area within such radius of such unincorporated village, and also the entire Counties of Westchester and Nassau, are hereby designated as marketing areas." The southerly portion of the city of Kingston is within the three and one-half mile radius of the business center of Port Ewen.

Plaintiff asserts that the license which he possesses grants him the right to sell milk within a radius of three and one-half miles from the center of Port Ewen including the southerly part of the city of Kingston within that area. He desires to deliver milk to certain persons who formerly resided in Port Ewen but who now live in the southerly part of Kingston and to others living within the same area who have obtained milk by coming to his farm. He has obtained a health permit from the city health officer of Kingston which allows him to deliver milk there. The complaint states as the reason for plaintiff's desire for a declaratory judgment:

" 9. Plaintiff is informed and believes that the Commissioner does not agree with that interpretation of the license and order, and that if plaintiff persists in exercise of his supposed rights the Commissioner will either move to revoke his present license or to deny him one for the new license year to commence April first. Such threats have been made by competing Kingston milk dealers, and employees of the Commissioner have recently followed plaintiff about his route.

" 10. Such loss of his license, either temporary or permanent, would constitute serious and irreparable injury to the plaintiff, and he has no adequate remedy at law, because this suit is the only means by which he can have a judicial determination of his right to serve the territory surrounding Port Ewen without jeopardizing his license to serve Port Ewen and other parts of the Town of Esopus."

Actions for declaratory judgments have been approved where the legality or meaning of a statute or of a ruling made by an administrative official is in dispute and no question of fact is involved. (*Dun & Bradstreet, Inc.*, v. *City of New York*, 276 N. Y. 198; *Socony-Vacuum Oil Co., Inc.*, v. *City of New York*, 247 App. Div. 163; affd., 272 N. Y. 668.) The meaning of defendant's official order No. 124 is in question. A declaratory judgment will determine the disputed jural question. Plaintiff should not be required to seek relief by an application to the defendant with whom he disagrees as to his rights under the license. In such a proceeding the defendant, with views as to plaintiff's rights, would sit in judgment in a quasi judicial capacity. The witnesses from the

department would be employees of the defendant. A hearing under such conditions with the limited, if not illusory, judicial review provided by article 78, would not furnish plaintiff an adequate remedy. The Supreme Court, in the exercise of its discretion, may refuse to entertain an action for a declaratory judgment when other remedies are adequate. (*Newburger* v. *Lubell*, 257 N. Y. 383.) When a genuine controversy exists regarding a jural right, another but inadequate remedy will not justify a refusal to entertain the action. (*Woollard* v. *Schaffer Stores Co.*, 272 N. Y. 304.) There is no statutory limitation upon the bringing of such an action and one brought should be entertained when a declaratory judgment will serve a practical end in determining and stabilizing an uncertain or disputed jural question, either as to present or prospective obligations. (*New York Operators* v. *State Liquor Authority*, 285 N. Y. 272; *James* v. *Alderton Dock Yards*, 256 id. 298; *Sartorious* v. *Cohen*, 249 id. 31; *Brownell* v. *Board of Education*, 239 id. 369.)

The order and judgment dismissing the complaint should be reversed and the motion therefor denied.

HEFFERNAN, SCHENCK and FOSTER, JJ., concur; CRAPSER, J., dissents, in a memorandum.

CRAPSER, J. (dissenting). I dissent and vote to affirm the order and judgment dismissing the complaint herein on the following grounds:

This is an attempt by the appellant herein to divest the Commissioner of Agriculture and Markets of the State of New York of the jurisdiction delegated to him by the Legislature in matters relating to the plaintiff's milk business. There is no question but that the plaintiff has an adequate remedy at law and if the Commissioner acts in an arbitrary or capricious manner plaintiff has a right to a review.

The administrative law is here and will grow instead of diminish in the future. It has been made necessary by our economic and social conditions and if its provisions are unfair an appeal to the Legislature and not to the courts is the proper remedy.

The Legislature has set up the necessary machinery to grant to the plaintiff all of his rights within the department; they have provided for a review in case the Commissioner fails to act properly. That is all that he can expect and it is not the function of the court to try to set aside the will of the Legislature when they have acted in a valid way where they have authority.

Order and judgment dismissing the plaintiff's complaint reversed on the law and facts, with ten dollars costs and disbursements, and motion to dismiss complaint denied, with ten dollars costs.