CARL G. WOOSTER, Respondent, v. C. CHESTER DU MOND, as Commissioner of Agriculture and Markets of the State of New York, Defendant, and New York State Guernsey Breeders' Co-operative, Inc., Appellant.— Action for a declaratory judgment directing a permanent injunction restraining the defendant, the Commissioner of Agriculture and Markets of the State of New York, from paying a differential to the New York State Guernsey Breeders' Co-operative, Inc., in accordance with the order dated May 10, 1945. Order denying motion to dismiss complaint reversed on the law and complaint dismissed, with $50 costs and disbursements. Hill, P. J., Heffernan and Foster, JJ., concur; Lawrence, J., dissents, in a memorandum, in which Brewster, J., concurs: Appeal by defendant, New York State Guernsey Breeders' Co-operative, Inc., from an order dated March 12, 1946, denying its motion under rule 106 of Rules of Civil Practice to dismiss the complaint upon the ground that the plaintiff has no capacity to sue and that the complaint does not state a cause of action. The action was commenced by a summons dated May 16, 1945. It seeks a declaratory judgment based upon a complaint in equity. A permanent injunction is sought, restraining the defendant Commissioner from putting into effect an order, dated May 10, 1945, awarding the defendant, New York State Guernsey Breeders' Co-operative, Inc., a differential of thirty-five cents per hundredweight on Guernsey milk sold by it. Many of the issues involved have been before the courts with varying results. The validity of the official order of May 10, 1945, has not previously been before the courts. It is before this court in the present action. In it the commissioner states that he establishes the differential solely because he is directed to do so by the courts and not in the unrestricted exercise of his official discretion. Declaratory actions have been allowed to test the legality or meaning of a statute or of a ruling made by an administrative official. (*Kirn* v. *Noyes*, 262 App. Div. 581, and cases there cited.) This should apply where the sufficiency of the complaint under rule 106 is in question. Order should be affirmed, without costs.