ARTHUR E. GILLESPIE, Plaintiff, v. C. CHESTER DU MOND, Individually and as Commissioner of Agriculture and Markets of the State of New York, Defendant.

Supreme Court, Special Term, Albany County, July 18, 1947.

*Donald L. Brush,* Counsel to Department of Agriculture and Markets (*Robert G. Blabey* of counsel), for defendant.

*Eugene D. Lichtenberg* for plaintiff.

BERGAN, J.  When the complaint is read carefully in search of its factual theory and a great many statements of proceedings in this court are sifted out, it will be seen that one of the essential things plaintiff complains of is that the Commissioner of Agriculture and Markets should have renewed his license

because some of the reasons for which the license was not renewed, while within the statute, are excusable and are not generally or usually made the basis of a denial.

The complaint shows neither authority nor reason for the maintenance of an action in equity for a judicial review of this kind of determination. This is not an issue over the legality or meaning of a statute or ruling which has been held to sanction a declaratory judgment. (*Kirn* v. *Noyes*, 262 App. Div. 581; *Wooster* v. *Du Mond*, 270 App. Div. 1065.)

There is a long judicial history behind *Staten Island Edison Corp.* v. *Maltbie* (296 N. Y. 374). This case must be considered in the light of the mandate of Supreme Court that a utility claiming confiscation by reason of a rate fixed by public authority is entitled to the independent judgment of a court on the facts, either in equity or in some other appropriate proceeding, such as certiorari, on a somewhat broader base than customarily allowed in New York.

But this case does not mean that every licensee to be a milk dealer, or to run a retail liquor store or to run a theatre, or to build a structure affected with the public interest has an action in equity against the licensing authority who refuses or revokes the license.

If the judicial branch of the government undertook to exercise its independent judgment in equity on all these matters, the judges on the equity side of the court and not the proper public authorities would operate the administrative functions of the government. This would not only be unworkable, because judges are not administrators; it would be an absurdity as well.

It takes more than the use of the word " confiscation " in a pleading to show confiscation in the constitutional sense, and the term certainly has no application to the granting or revocation of licenses under statutory authority in a proper subject for public regulation.

For everything plaintiff complains of he has an adequate review under the 78th article of the Civil Practice Act, and whether he pursues it or not, the remedy sought in this action is not available.

Motion granted. Complaint dismissed without costs. Injunction dissolved. Submit order.