62 So.2d 740 (1953)
THORNHILL
v.
KIRKMAN, Director of the Department of Public Safety, et al.
Supreme Court of Florida, Special Division A.
January 16, 1953.
Rehearing Denied February 9, 1953.
*741 Coe & Coe, Pensacola, for appellant.
James Whitehurst, Brooksville, for appellees.
TERRELL, Justice.
Appellant brought suit in equity to enjoin the suspension of his driver's license. The complaint alleged that appellant was involved in an automobile accident; that he was driving on the wrong side of the road at night; that the accident resulted in the death of another party; that no adjudication of guilt had been made, but that without notice or hearing appellee had found that he had "committed an offense for which mandatory revocation of license is required upon conviction in manslaughter, and had therefore demanded that he surrender his license, the same having as they claimed, been properly suspended."
A motion to dismiss and an answer alleged that the bill was without equity; that the suspension was legally made; that "defendants are without knowledge as to guilt or innocence of said manslaughter charge, but that the license had been nevertheless suspended because plaintiff" "Has committed an offense for which mandatory revocation of license is required upon conviction  Manslaughter." It was also alleged that appellee had acted in pursuance of law and that no request for hearing had been made by appellant. The chancellor granted the motion to dismiss and this appeal was prosecuted.
The point for determination is whether or not the Director of Public Safety may suspend one's driver's license for a period of one year without notice, on information that the person whose license is suspended was involved in an automobile accident, resulting in the death of another.
In suspending said license the Director of the Department of Public Safety proceeded under Section 322.27(1)(b), F.S.A., as follows:
"(1) The department is hereby authorized to suspend the license of an operator or chauffeur without preliminary hearing upon a showing by its records or other sufficient evidence that the licensee:
* * * * * *
"(b) Has been involved as a driver in any accident resulting in the death or personal injury of another or serious property damage."
Appellant contends that the right to travel and operate a conveyance on the public highways is a common right protected by the Fourteenth Amendment of the Federal Constitution and Section 12, Declaration of Rights, State Constitution, which requires notice and a chance to be heard before it can be taken away. Thompson v. Smith, 155 Va. 367, 154 S.E. 579, 71 A.L.R. 604; Fiehe v. R.E. Householder Co., 98 Fla. 627, 125 So. 2, and similar cases are relied on to support this contention.
Appellee contends on the other hand that the Director of Public Safety was acting pursuant to legislative authority under which a drivers license is nothing more than a privilege to use the public highways as a convenience to transport goods and passengers, and that it may be denied conditionally when the user becomes a menace to the public. The quoted statute and the following cases are relied on to support this contention. 60 C.J.S., Motor Vehicles, § 131, page 437; People v. Cohen, 128 Misc. 29, 217 N.Y.S. 726; National Cab Company v. Kunze, 182 Minn. 152, 233 *742 N.W. 838; Yellow Cab Taxi Service v. City of Twin Falls, 68 Idaho 145, 190 P.2d 681; Department of Public Safety v. Robertson, Tex.Civ.App., 203 S.W.2d 950; People v. Stryker, 124 Misc. 1, 206 N.Y.S. 146; 60 C.J.S., Motor Vehicles, § 160, page 486.
A reading of these cases discloses a variance of opinion as to whether a drivers license is a property right or a privilege but the legislature of this state placed it in the category of a privilege. It authorized suspension without "preliminary hearing" upon showing that the licensee has been involved in an "accident resulting in the death or personal injury of another or serious propery damage." It provides for a hearing, Section 322.31(1, 2), F.S.A., and for revocation of one's license on showing of conviction of manslaughter in the operation of a motor vehicle. In this case appellant's license was suspended for one year. If he is convicted of manslaughter he would be subject to have his license revoked.
We think there is ample warrant for the legislature to treat a driver's license as privilege, subject to suspension or revocation for cause. The owner of such a license holds it subject to reasonable regulation. His interest in the highway is common to that of every other user for whom the highways are constructed and there must be reasonable regulations to require or guide him in the use of them subject to the privilege of every other citizen to use them for the same purpose. If he cannot demean himself as a careful user, considerate of the right of others to do likewise, he becomes a public nuisance and should be excluded temporarily or permanently from their use. In this holding we do not overlook the right and liberty of appellant to use the highways as guaranteed by the Bill of Rights. At the same time none of these liberties are absolutes but all may be regulated in the public interest. It would produce an intolerable situation on the public highways to subscribe to a theory that they could not be summarily regulated in the interest of the public. So long as summary regulations are reasonable and reasonably executed we will not disturb them.
Increase of highway casualties is one of the most impelling social questions now confronting the public. Civic bodies and law enforcement officers at every level are bending their efforts to reduce them. To hold that the legislature must provide notice and a hearing to one charged with flagrantly abusing his use of the highway before he can be stopped from using them, would not only be unjust to the public, it would place an intolerable burden on enforcement officers. We think the provision for hearing after suspension of one's license meets every requirement of due process.
The judgment appealed from is accordingly affirmed.
Affirmed.
HOBSON, C.J., and THOMAS and SEBRING, JJ., concur.