In the Matter of EDWARD DOUGHERTY et al., Petitioners, against STATE HARNESS RACING COMMISSION et al., Respondents.

COHN, J. P. (dissenting). The determination suspending and expelling Dougherty from the tracks in this State for a period of one year should be annulled. The commission had no jurisdiction to punish Dougherty since he was not a licensee of the commission, and since he was not a participant in the racing meet held on October 20, 1954, at the time of the occurrence of the conduct complained of.

From the express language of the statute, the commission has the power to suspend or revoke licenses (L. 1940, ch. 254, § 41-a, as added by L. 1953, ch. 391, as amd.) and in addition to fine a person participating in a harness race meet other than as a patron, whether licensed or not (L. 1940, ch. 254, § 41-b, as added by L. 1953, ch. 391). As Dougherty possessed no license, the commission could not suspend or revoke a license as to him. Its only power would be to impose a fine as a participant in the race meet other than as a patron. However, the evidence did not show that Dougherty participated in the race meet. He was nothing more than a patron, and as such was expressly exempted from the commission's jurisdiction by the language of section 41-b.

Moreover, Dougherty was not guilty of any conduct detrimental to the best interests of the sport within the meaning of rule 10 of the New York State Harness Racing Commission (N. Y. Official Compilation of Codes, Rules & Regulations [9th Supp.], p. 571) as the testimony established that he merely polled the drivers to ask them what they wished to do. In the absence of any finding that he attempted to influence them to vote to discontinue racing immediately, there is no basis for a finding that Dougherty did anything detrimental to the sport of harness racing.

As to the petitioners other than Doughtery, there does not appear to be any substantial evidence to sustain the determination that the drivers violated subdivision c of rule 8 or rule 10. Moreover, rule 10 of the New York State Harness Racing Rules, which empowers the commission to levy a fine of not

to exceed $1,000, is penal in nature, as is section 41-b, which authorizes the commission to impose a penalty of $5,000. (*Loucks* v. *Standard Oil Co.*, 224 N. Y. 99, 102.) As a penal rule having the force of law it would seem to be too vague and indefinite to render it enforcible. Statutes which are penal in character must be narrowly construed. (*People* v. *Benc*, 288 N. Y. 318, 323; *People* v. *Wallace & Co.*, 282 N. Y. 417, 419.) Furthermore, petitioner drivers did nothing that could reasonably be held to have violated subdivision c of rule 8 or rule 10 for until they were properly notified and summoned to get on to the track in order to compete in the second race, their mere expression of an intention not to race could not constitute a punishable violation of the commission's rules.

Although the suspension of petitioner drivers has expired, the present proceeding is not academic as to them as they are entitled to have removed the stigma of a violation of a penal law. (*People ex rel. Albrecht* v. *Harnett*, 221 App. Div. 487, 489.)

While the efforts of the State Harness Racing Commissioner to maintain discipline at race tracks is to be highly commended, in the circumstances of this case, I think that there should have been no adjudication of guilt.

Accordingly, the determination suspending the licenses of petitioner drivers and suspending and expelling Doughtery from the tracks in this State for a period of one year should be set aside and annulled.

Callahan, Breitel, Botein and Rabin, JJ., concur in decision; Cohn, J. P., dissents and votes to set aside and annul the determination, in opinion.

Determination confirmed, with $50 costs and disbursements to the respondents, and the petition dismissed.