Thomas C. Chimera, J.
The principal application is brought pursuant to article 78 CPLR, for an order annulling a decision of respondent Commissioner of Licenses of the City of New York, dated December 28,1964, which determined that petitioner had violated certain statutory standards of operation applicable to the licensed business of reselling theatre tickets and ordered a suspension of the license for five days, specifying the dates.
Respondent argues that the matter is academic — that there is no justiciable issue presented on the principal application, the petitioner having admitted that it has fully complied with the suspension; that there is no administrative determination of suspension, revocation or otherwise presently pending and that petitioner’s remedy is limited to an action for declaratory judgment, since, as respondent maintains, ‘1 an interpretation of the applicable statutory standards imposed by the legislature is being sought by petitioner. ”
Petitioner argues that the issue “ is not rendered academic because petitioner is operating and maintaining its said branch office as heretofore, and the effect of the determination is to make the petitioner amenable to additional sanctions.”
Respondent cites Dim & Bradstreet v. City of New York (276 N. Y. 198); Bank of Yorktown v. Boland (280 N. Y. 673), and Kirn v. Noyes (262 App. Div. 581) for the propositions that the declaratory judgment remedy is applicable in cases where the legality or meaning of a statute is in question and that actions for declaratory judgments have been approved where the legality or meaning of a statute or a ruling made by an administrative official is in dispute and no question of fact is involved. I have no quarrel with these authorities. They offer no assistance to this court, however. Nothing is suggested from which one must conclude that declaratory judgment is the exclusive remedy open to petitioner under the circumstances here obtaining.
Dun & Bradstreet, Bank of Yorktown and Kirn (supra) decided that special proceedings for review are not exclusive *551 remedies. They do not hold, as respondent contends, that declaratory judgment is the exclusive remedy open to petitioner. Moreover, this is not a situation where one is seeking a determination of his rights or an interpretation of a statute in advance of an administrative determination. It is the first step in an appeal from a determination on the part of an administrative body. Article 78 proceedings are peculiarly designed for that purpose.
It is true that as a general rule, the provisions of article 78, CPLR, are not appropriate to relief in the nature of permanent injunction. (Matter of Daniels v. Daniels, 3 A D 2d 749, and authorities therein cited.)
And it can be concluded that petitioner, if successful here, would in practical effect be obtaining relief in the nature of permanent injunction against future interference by respondent, should petitioner elect to continue the very practice for which it has been allegedly illegally suspended.
But petitioner seeks more than protection against future allegedly unlawful harassment. It seeks a review of a determination which hangs like an albatross around its neck much as a previous conviction for an offense might continue to be a source of vexation to a defendant in a criminal prosecution. Moreover, the argument that this article 78 application has the effect of “ flogging a dead horse ” since petitioner has fully complied with respondent’s suspension order, and, therefore, that petitioner should be denied a review of the determination of respondent brought within the period specified in the appropriate statute, is as logical and compelling as the argument that one who has been convicted of an offense and who has discharged the sentence by paying a trifling fine, must be denied his right to a timely commenced appeal.
People v. Marks (64 Misc. 679) was an appeal to the Court of General Sessions from a conviction and the imposition of a $5 fine paid under protest. That decision was cited with approval in People ex rel. Albrecht v. Harnett (221 App. Div. 487), and People v. Hershey Farms (175 Misc. 641).
In Marks (supra), Mulqueen, J., said, among other things (p. 683): “ But I do not agree with the learned counsel that the question is purely academic. I am of the opinion that, if the defendant had been unjustly compelled to pay a fine, his money should be returned to him. Of more importance, however, is the defendant’s right to be relieved of the odium and disgrace of a conviction. To a citisen of good reputation, this is of more serious consequence, and the pecuniary damage he lias sustained is of trifling import.” (Emphasis ours.)
*552 Of course, an administrative determination and a conviction are not the same thing. When, however, an administrative determination imposes penalties, an analogy cannot he ignored.
An analogy is not necessary, however, because Albrecht (supra) was a certiorari issued out of this court on appeal to the Appellate Division, ruled to be an “ appropriate remedy ’ ’, in which a review of an administrative determination was sought and the very same argument was raised by that respondent (see 221 App. Div. 487, 489-490): “ The respondent claims that this proceeding does not lie because it was not initiated until after the suspension period had expired — that it is academic. In view of the provision of the Highway Law * * * that licenses and certificates of registration may be revoked ‘ for habitual or persistent violation of any of the provisions of this article, ’ the right of automobile owners to run their automobiles may be permanently taken away because of a repetition of offenses. The principle involved has been passed upon in several of the States, where appeals had been taken after fines had been paid or prison sentences served. There is a divergence of opinion as to whether a review should be permitted in such cases. * * * We prefer to subscribe to the reasoning found in the opinions in Barthelemy v. People (2 Hill, 248, Cowin, J.); People v. Marks (64 Misc. 679); Roby v. State (96 Wis. 667), and Commonwealth v. Fleckner (167 Mass. 13, Oliver W. Holmes, J.). We, therefore, decline to hold that an automobile owner whose certificate of registration has been temporarily suspended — if he invokes the aid of a court of law in certiorari — is bound to do so before the expiration of a short suspension period, or else find himself unable to remove a stigma upon his standing as an automobile owner which may result in permanent disqualification. ’ ’