## (November 30, 1965)

■ MUTUAL LIFE INSURANCE COMPANY OF NEW YORK, Appellant, v. STATE TAX COMMISSION, Respondent.

APPEAL (1) from an order of the Supreme Court at Special Term, entered July 9, 1964 in New York County, which granted a motion by defendant for an order to dismiss the complaint, and (2) from the judgment entered thereon. Appeal is also taken from an order of said court entered October 8, 1965 granting reargument and adhering to the original decision.

Order, entered on July 9, 1964, granting a motion to dismiss the complaint, judgment thereon entered July 16, 1964, and order entered October 8, 1964, granting reargument and adhering to the original determination, affirmed, without costs or disbursements to any party. (See *Berkshire Fine Spinning Assoc.* v. *City of New York*, 5 N Y 2d 347, 358–359.)

VALENTE, J. (dissenting). I dissent and would reverse the judgment dismissing the complaint. I would hold that an action for declaratory judgment is the appropriate remedy for the relief plaintiff seeks. Plaintiff, a domestic insurance company, sought a declaration that the franchise tax required to be paid on premiums received for insurance under subdivision 2 of section 187 of the Tax Law does not apply to the cost of life, accident and health insurance under the employee benefit plan operated by plaintiff for its employees. It was plaintiff's contention that any demand for the payment of a premium tax on such costs was illegal and unconstitutional. Special Term dismissed the complaint on the ground that, under section 199 of the Tax Law, an article 78 proceeding is the exclusive remedy to review determinations regarding corporation taxes. The merits of plaintiff's claim were not reached.

Primarily, the remedy provided for in section 199 of the Tax Law would not be available to plaintiff since there has been no determination made under section 195 of the Tax Law. Until there is an audit by the Tax Commission and a statement of account under section 195, the taxpayer cannot avail itself of the administrative remedy. The instant action was brought when the Tax Commission, for the first time, issued a tax form which included the item of the costs of insurance benefit plans for employees. An action for declaratory judgment cannot be barred by an exclusive remedy provision which becomes effective only after an assessment has been made. (*Booth* v. *City of New York*,

268 App. Div. 502, affd. 296 N. Y. 573.) Thus, plaintiff is not seeking to review the action of the Tax Commission in making a determination, but is attacking the validity and legality of the demand contained in the tax forms as in excess of the Tax Commission's powers and contrary to the provisions of the Tax Law. (See *Leedom* v. *Kyne*, 358 U. S. 184; *Hoffman* v. *City of Syracuse*, 2 N Y 2d 484.)

Moreover, by its newly prescribed form of annual tax return, the Tax Commission made a formal and public demand on some 80 domestic and foreign life insurance companies which are authorized or licensed to do a life insurance and health and accident insurance business in New York, many of whom provide benefits covering their own employees under employer-insured employee benefit plans. A decision on the question as to the application of the premium tax question here involved will have a profound effect as a precedent as to the application of similar tax laws throughout the United States. The wide public interest involved in such a determination presents a recognized legal basis for permitting the remedy of declaratory judgment, apart from any other considerations. (See *Socony-Vacuum Oil Co.* v. *City of New York*, 247 App. Div. 163, 167, affd. 272 N. Y. 668.)

Additionally, there are no factual questions posed by plaintiff's action which would require administrative expertise. Since pure questions of law are raised as to the application of insurance premium taxes to employer-insured employee benefit plans and whether the maintenance of such plans constitutes the doing of a commercial insurance business within the contemplation of the statutes, the Tax Commission would have no particular expertise in resolving those questions. Under such circumstances, declaratory judgment is the appropriate remedy. (*Namro Holding Corp.* v. *City of New York*, 17 A D 2d 431, affd. 14 N Y 2d 693; see, also, *Rockland Light & Power Co.* v. *City of New York*, 289 N. Y. 45, 52.)

Another reason why declaratory judgment is appropriate here is that the administrative remedy would undoubtedly be futile since the Tax Commission, by making the demand for taxation, has already taken a clear and definite stand regarding the legal question in dispute. Since the administrative body has already taken a firm position on the subject matter of the action, an article 78 proceeding would not furnish plaintiff an adequate remedy. (See *Kirn* v. *Noyes*, 262 App. Div. 581; *National Labor Relations Bd.* v. *A. P. W. Prods. Co.*, 316 F. 2d 899.)

Finally, plaintiff raises a constitutional question in asserting that regardless of whether subdivision 2 of section 187 of the Tax Law does apply to the costs of employer-insured employee benefits, application of that tax only to employers, who happen to be insurance companies, without applying the tax to the costs of like insurance coverages, so provided by other employers for their employees, amounts to an unconstitutional application of the statute. The question of constitutionality is one which is peculiarly apt for consideration in an action for declaratory judgment.

The instant case, it seems, presents an almost classic example for the declaratory judgment remedy. The so-called "exclusive" remedy under section 199 of the Tax Law is inappropriate. I would, therefore, reverse the judgment and reinstate the complaint; and I would let the merits of plaintiff's contentions be determined in an action for declaratory judgment.

Breitel, J. P., Rabin and Eager, JJ., concur in decision; Valente, J., dissents in opinion, in which Steuer, J., concurs.

Order, entered on July 9, 1964, granting a motion to dismiss the complaint, judgment thereon entered July 16, 1964, and order entered October 8, 1964, granting reargument and adhering to the original determination, affirmed,

without costs or disbursements to any party. (See *Berkshire Fine Spinning Assoc.* v. *City of New York*, 5 N Y 2d 347, 358–359.)