PETER MILLER, Appellant, *v.* CITY OF NIAGARA FALLS and Others, Respondents.

Fourth Department, January 2, 1924.

Municipal corporations — ordinances — action to restrain enforcement of ordinance requiring license for sale of soft drinks and prohibiting issuance of license to aliens — prohibition against issuance of license to aliens does not violate United States Constitution, 14th Amendment, § 1 — classification is reasonable.

An ordinance of the city of Niagara Falls requiring those engaged in the business of selling soft drinks to procure a license and prohibiting the issuance of a license to an alien does not violate section 1 of the Fourteenth Amendment of the Constitution of the United States, since the State has the right in the exercise of its police power to restrict the sale of soft drinks, and it was not an unreasonable classification to provide that a license should not be issued to an alien.

APPEAL by the plaintiff, Peter Miller, from an order of the Supreme Court, made at the Niagara Special Term and entered in the office of the clerk of the county of Niagara on the 11th day of September, 1923, denying his motion for a temporary injunction.

*W. S. Smith*, for the appellant.

*Robert J. Moore*, for the respondents.

SEARS, J.:

The plaintiff in this action seeks to have declared invalid the " Soft Drink Ordinance " of the city of Niagara Falls which forbids the sale at retail within that city of " any malted or vinous beverage, any carbonated beverage or any other beverage or liquor

produced by the process by which beer, ale, porter or wine is produced or any other soft drink, excepting, however, tea, coffee, cocoa, chocolate, milk or buttermilk, without first having obtained a permit or license therefor." The ordinance in its amended form further states that its provisions apply to restaurants, and that no permit shall be granted to a person who is not a citizen of the United States.* The plaintiff is the proprietor of a restaurant and is not a citizen of the United States. The appeal before us is from an order denying plaintiff's motion for an injunction *pendente lite.*

The validity of an ordinance similar in its provisions to the one here in question, except in respect to the clause relating to alienage, was determined by this court in *Safee* v. *City of Buffalo* (204 App. Div. 561), and the only question necessary for us to consider now is whether the provision denying the right to obtain a permit or license to aliens makes the ordinance void.

An alien resident is, undoubtedly, protected under section 1 of the Fourteenth Amendment of the Constitution of the United States in his right to earn a living by following the ordinary occupations of the community. (*Yick Wo* v. *Hopkins*, 118 U. S. 369; *People* v. *Crane*, 214 N. Y. 154, 168; *Terrace* v. *Thompson*, 263 U. S. 197, decided Nov. 12, 1923.) But the constitutional provision does not deprive the State of its police powers, " and in the exercise of such powers the State has wide discretion in determining its own public policy and what measures are necessary for its own protection and properly to promote the safety, peace and good order of its people." (*Terrace* v. *Thompson, supra.*)

Under the police power, classification is thoroughly recognized as necessary and valid, but the classification must be based upon reason. It must have some relation to the welfare of the community. (*People* v. *Crane, supra*, 169; *Terrace* v. *Thompson, supra.*) And the question here is, whether the denial of the right to obtain a license to aliens has a reasonable basis in the welfare of the community.

Some courts have held that where a calling is one that the State in the exercise of its police power may prohibit completely or conditionally by the exaction of a license, the fact of alienage may justify the denial of the privilege. (*Commonwealth* v. *Hana*, 195 Mass. 262, hawking and peddling; *Bloomfield* v. *State*, 86 Ohio St. 253, trafficking in intoxicating liquors; *Trageser* v. *Gray*, 73 Md. 250, selling intoxicating liquors by retail.) In other States there are decisions that the regulation of a calling by a license is

---

* The ordinance was adopted on June 6, 1921, and was amended on January 29, 1923, and on July 9, 1923. It is known as chapter 37 of the ordinances of said city.— [Rep.

not in certain cases a justification for the exclusion by reason of alienage. (*Templar* v. *Barbers' Board of Examiners*, 131 Mich. 254, barber; *State* v. *Montgomery*, 94 Maine, 192, hawking and peddling.) Despite the divergence in result in different jurisdictions, the test applicable in all these cases is the same and is that mentioned above, namely, whether the classification has some reasonable basis in the welfare of the community.

In *Terrace* v. *Thompson* (*supra*) and *Porterfield* v. *Webb* (263 U. S. 225, decided Nov. 12, 1923) it was held that State statutes excluding from ownership of land or any interest in land, aliens ineligible to citizenship or aliens other than those who had filed their intention to become citizens, were held valid classifications upon the ground that it might fairly be said that it was to the interest of the State that real estate and interests in real estate should not be owned by such excluded classes.

When we consider that the licensing of the sale at retail of the beverages mentioned in this act is based upon the theory that there is an evil to be guarded against, that connected with such business there are apt to be violations of the law as pointed out in our opinion in *Safee* v. *City of Buffalo* (*supra*), it may reasonably be said that the welfare of the community will be best served by excluding from licensees such persons as are not so attached to the institutions of our country as to be in the class of its citizenry. Under the principle stated then, we deem the classification valid, and, being one which could be made by the State, it may be made by the municipality to which the power to legislate has been duly delegated.

The order appealed from should be affirmed, with ten dollars costs.

All concur.

Order affirmed, with ten dollars costs and disbursements.