THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* WILLIAM C. PERKINS, JR., Defendant.

City Court of Hornell, January 27, 1938.

*Howard M. Travis,* chief of police, complainant, in person for the People.

Defendant in person.

HILL, J. The defendant is charged with violating subdivision 1 of section 12 of the Vehicle and Traffic Law of the State of New York, in that he obstructed a part of the license plate on his automobile by covering up the words on the license plate " New York World's Fair 1939." The defendant pleaded not guilty, and upon the trial

it appeared that the defendant had on his automobile in the city of Hornell, N. Y., a license plate issued by the Commissioner of Motor Vehicles of the State of New York which contained the inscription " New York World's Fair 1939," which words had been covered so that that portion of the license plate was obstructed. At the close of the People's case the defendant moved to dismiss the charge.

By chapter 16 of the Laws of 1937, subdivision 2 of section 12 of the Vehicle and Traffic Law was amended as follows: " The number plates assigned to all motor vehicles and trailers for the years nineteen hundred thirty-eight and nineteen hundred thirty-nine shall also contain the inscription ' New York World's Fair 1939 ' in such form and design as the commission shall prescribe."

The Fourteenth Amendment to the Constitution of the United States provides that no State shall " deprive any person of life, liberty, or property, without due process of law."

Section 6 of article 1 of the Constitution of the State of New York provides that no person shall " be deprived of life, liberty or property without due process of law."

These provisions of the Constitution of the United States and the Constitution of the State of New York, however, are subject to the police power of the State as under the police power the Legislature may pass laws to protect the public health, welfare and comfort notwithstanding the due process clauses of the State and Federal Constitutions. (*People ex rel. Rayland Realty Co.* v. *Fagan*, 194 App. Div. 185; affd., 230 N. Y. 653.)

Under the police power, therefore, the Legislature is empowered to pass a law providing for the licensing of automobiles but such law must not be unreasonable. A fair example is chapter 572 of the Laws of 1905, which provided that one engaged in the business of undertaking should not engage in it unless he shall have been duly licensed as an embalmer and have been employed as an assistant to a licensed undertaker continuously for three years, and that if a firm or corporation desires to engage in the business, each member of the firm or manager of each place of business conducted by the corporation shall be a licensed undertaker, and it was held that by reason of the provisions requiring an undertaker to be a licensed embalmer and to have been employed continuously for a certain period and prohibiting a firm from engaging in the business unless each member is a licensed undertaker, such statute is invalid because it interferes with the liberty of person or property. (*People* v. *Ringe*, 125 App. Div. 592; affd., 197 N. Y. 143. See, also, *Miller* v. *City of Niagara Falls*, 207 App. Div. 798, where the court held that an ordinance prohibiting issuing of licenses to aliens to retail soft drinks was valid, being a reasonable exercise of the police power, and, therefore, not in contravention of the Fourteenth Amendment of the Constitution.)

The words, "New York World's Fair 1939," placed upon the license plates on an automobile, are in the nature of advertising, and it is apparently advertising a private corporation which will conduct a fair in the city of New York in this State in 1939. It is not a State fair. It is not even a New York city fair, and to compel a person to carry that advertising on his automobile license plates is unreasonable and, therefore, an improper exercise of the police power of the State, and being unreasonable contravenes the Fourteenth Amendment to the Constitution of the United States and the Constitution of the State of New York. Such provisions of the Vehicle and Traffic Law providing for such words to be on the license plates are invalid.

The defendant did not obstruct any part of the number or year or State portion of the license plate, but only obstructed that part of it which the Legislature of the State of New York for the foregoing reasons did not have the power to place upon the plates, and did not violate that portion of subdivision 1 of section 12 previously referred to.

The motion, therefore, to dismiss the charge and discharge the defendant is granted.