Harold Tessler, J.
This is a proceeding brought pursuant to article 78 of the Civil Practice Law and Rules for an order to review the determination of the respondent, Commissioner of the Department of Motor Vehicles of the State of New York. However, the relief sought by the petitioner is in the nature of mandamus. He seeks an order directing the respondent to permit the petitioner and others similarly situated to obliterate or cover over the legend “ New York World’s Pair 1964/65” on the metal license plates to be issued to him for the year 1964 and to restrain the respondent from causing to be used for the year 1965 license registration plates as will advertise the New York World’s Pair for the year 1965. Although not prayed for in his petition, the order to show cause asks that, as alternative relief, the respondent be directed to charge and collect from the private corporation known as the “ New York World’s Pair 1964/1965, Inc.” or any assignee, nominee or successor, a sum of money, to be determined and fixed, as and for the advertising value of each license plate issued during said period.
The petitioner is a New York resident who owns two motor vehicles and a trailer which are required to be registered with the respondent and to bear metal registration plates issued by him. The plates issued by the respondent for all passenger vehicles, including those owned by the petitioner, bear the inscription “World’s Fair.” These words bear reference to the forthcoming New York World’s Fair, scheduled to open in this county in the Spring of this year. The fair is being operated by the New York World’s Pair 1964/1965, Inc., a private nonprofit corporation.
The petitioner contends that the issuance of the number plates containing the aforesaid inscription is ‘‘ illegal, unwarranted, unauthorized, arbitrary, unreasonable, and in direct contravention of the provisions of the United States Constitution and of the Constitution of the State of New York and the statutes enacted thereunder.” He further alleges that the action of the Commissioner compels him to use his personal private property for advertising purposes on behalf of a private corporation, without compensation; that the use of the inscrip *572 tion constitutes a gift or loan of public property or the use thereof for a private corporation and, in addition, he claims that the legend “ New York World’s Fair 1964/65 ” is a misnomer, since not all nations of the world are participating and since the fair is not authorized by the Bureau of International Exhibits.
The thrust of respondent’s argument is that he has the power to order the inclusion of the inscription on the registration plates by virtue of subdivision 2 of section 402 of the Vehicle and Traffic Law; that the petitioner is in no way aggrieved since he suffers no real injury and therefore he has no standing to bring this proceeding.
The respondent further argues that his placing of the words “ World’s Fair ” on registration plates was a reasonable and proper exercise of his discretion under the statute, by reason of the fact that (1) the World’s Fair is expected to attract 70 million visitors, (2) the fair will leave during its sojourn here and in its wake many tangible and intangible benefits for our city, State and people, and (3) the fair is exempted from both New York State and local taxes.
Although the respondent concedes that the fair is a private corporation, he contends that it is a nonprofit corporation with public or quasi-public purposes as illustrated by the several special benefits and privileges conferred upon it, for example, the World’s Fair has been allowed to lease city-owned park land, various city laws with respect to the fair have been suspended, officials of the World’s Fair Corporation have been exempted from certain provisions of the Public Officers Law and the Charter of the City of New York, the State has been authorized to participate in the fair by building a New York State Pavilion at State expense, the unauthorized use of the name “New York World’s Fair 1964/1965, Inc.” or any similar name has been prohibited by the Legislature, special legislative provisions with respect to a police force and liquor licenses have been adopted and a- special fund has been created to meet the expense of the State’s participation in the fair.
I have no doubt that the above are accurate and factual and that all of these benefits were legally conferred upon the fair corporation by the action of the appropriate legislative bodies and officials. None of this alters the basic fact that the fair is a private corporation.
The issue presented is not the worthiness of the World’s Fair nor its benefits to the public, which are conceded, but whether or not the respondent has the legal authority to advertise it on the registration plates.
*573 Mandamus is a drastic remedy resting in the court’s sound discretion and governed by equitable principles and should only be granted when the right thereto is clear and unequivocal. (Ellsworth, Barrows & Co. v. Ward, 255 App. Div. 91.) It is used to compel a public officer to perform a duty specifically enjoined by law.
The statutes pertaining to registration of motor vehicles are contained in article 14 of the Vehicle and Traffic Law. Section 401 provides that, with certain exceptions not here germane, no motor vehicle may be operated on the public highways of this State without being registered in accordance with the provisions of the article, and that violation constitutes a misdemeanor. Section 401 also provides that upon registration the Commissioner shall assign to each motor vehicle a distinctive number and issue and deliver a number plate or plates for that vehicle. By this section the Commissioner is specifically required to register all motor vehicles upon the receipt of a sufficient application as provided therein and to assign a distinctive number and issue a certificate of registration and number plates bearing that distinctive number.
Under subdivision 2 of section 402, the Legislature has delegated to the Commissioner the power to prescribe the “ material, form, design and dimensions and * * * set forth such distinguishing number or other identification marks ’ ’ on registration plates. The only specific requirement is that there be a marked contrast between the color of the plates and that of the numerals or letters thereon.
Respondent contends that since he is empowered to prescribe the form and design of the plates, he may therefore prescribe that such plates contain the inscription “ World’s Fair.” There is nothing in the aforesaid subdivision, however, which would indicate that the Commissioner has such power. While the Commissioner does have the broadest discretion with respect to design, that discretion should only be exercised in consistency with the purpose of the plates. That purpose is a simple and singular one, viz.: to serve as a means of identification of the vehicle and its owner, in the furtherance of traffic safety, its enforcement and the proper regulation of the use of the highways. (People v. MacWilliams, 91 App. Div. 176.)
This is illustrated by the message of Governor Rockefeller in which he vetoed legislation passed at the 1961 Session, which required the placement of the inscription “ New York World’s Fair 1964/65 ” on all license plates to be issued for use in 1964 and 1965. The Governor noted, inter alia, that the inclusion of such an inscription would require a reduction *574 in the size of the identification numerals on the registration plates and decrease their value for law-enforcement purposes.
It is true that the inclusion of the smaller inscription “ World’s Fair ” has not caused a reduction in the size of the identification numerals. However, matter advertising the World’s Fair or any other private corporation in no way serves to further the purpose or intent of the law requiring display of registration plates. Despite, arguments to the contrary, I can find no sanction for the present advertisement of the World’s Fair.
It is the court’s opinion that the Commissioner has no authority in law to include the inscription “ World’s Fair” on the plates or to issue plates containing that inscription. It is interesting to note that the Legislature itself is apparently of the same opinion. It specifically provided for the inclusion of the inscription “ New York World’s Fair 1939 ” on the registration plates issued in 1939, as well as providing at the 1961 Session for a reference to the current World’s Fair on the 1964 and 1965 plates. The latter legislation was vetoed by the Governor.
The petitioner has demanded in writing that the Commissioner issue registration plates to him which do not contain the “ World’s Fair” inscription. The Commissioner has refused to do so. The petitioner, as well as any other vehicle owner who has the right and legal obligation to register his vehicle in this State, is legally entitled to the issuance of a proper registration plate. The Commissioner is required by law to issue such a plate and since he has refused, the petitioner is entitled to an order of mandamus compelling and directing the performance of that legal duty.
The relief sought in the petition is accordingly granted to the extent that the respondent Commissioner of Motor Vehicles is directed, upon application, to issue to the petitioner registration plates containing distinctive numbers to be assigned to the petitioner’s vehicles, which plates shall not bear the inscription “ World’s Fair ” or from which the said inscription shall have been deleted, obliterated, or in some way marked out.
In all other respects, the petition is denied. This proceeding is neither a class action nor a taxpayer’s action, although there are allegations in the complaint which may be compatible with either or both. Accordingly, the court makes no determination with respect to those automobile owners who may also object to the inclusion of the inscription on their registration plates, except to note that the Commissioner is required by law to issue proper plates, without the inscription “World’s Fair”, *575 to all persons who make application and pay the required fee.
The relief sought with respect to the 1965 registration plates is denied, since that would require the court to look into the proverbial crystal ball and speculate as to what the provisions of the law pursuant to registration plates will be at that time.