In the Matter of E. KENNETH FROSLID, Respondent-Appellant, v. WILLIAM S. HULTS, as Commissioner of the Department of Motor Vehicles of the State of New York, Appellant-Respondent.

Second Department, March 19, 1964.

*Louis J. Lefkowitz, Attorney-General* (*Irving Galt* and *Philip Weinberg* of counsel), for appellant-respondent.

*Timen & Waters* (*Lawrence S. Timen* of counsel), for respondent-appellant.

BELDOCK, P. J. Petitioner, who is a resident of Nassau County, a taxpayer of this State, and the owner of two automobiles and a trailer, wrote to the Commissioner of Motor Vehicles on November 22, 1963, demanding that the latter cancel his order placing the words "World's Fair" on the 1964 automobile license plates.

On December 5, 1963 the Commissioner denied the request.

On December 17, 1963 this article 78 proceeding was instituted to: (1) direct the Commissioner to issue an order authorizing all motor vehicle owners to delete from the 1964 license plates the legend "World's Fair"; and (2) to direct him to cease and desist from authorizing or ordering license plates for 1965 with

that legend; or, in the alternative (3) to direct him to collect from the corporation, New York World's Fair 1964–1965, Inc., a sum of money for the advertising value of the legend on the license plates during such period.

The basis of the petition was that: (a) The use of petitioner's private property for advertising purposes for a private corporation, without compensation, constitutes a taking of petitioner's property without due process of law;

(b) It is a violation of the provisions of the State Constitution prohibiting a gift or loan of public property or the use thereof for any private corporation; and

(c) The legend " World's Fair " is false because only 35 of the 107 Nations listed in the United Nations, and only 22 of the 50 States in the United States, will participate therein, and, because the Fair has not been approved by the Bureau of International Exhibits.

By the order appealed from the Special Term granted the petition to the extent of directing the Commissioner to issue to petitioner and to all other persons, upon application therefor and upon payment of the proper fee, registration plates for 1964 which do not bear the objectionable legend or from which it shall have been deleted. The petition was denied in all other respects. In an accompanying opinion (41 Misc 2d 570) the court held: (1) that subdivision 2 of section 402 of the Vehicle and Traffic Law gives the Commissioner power to prescribe the " material, form, design and dimensions " of the registration plates, but that such power may be exercised only consistent with the purpose of the plates, namely: " To serve as a means of identification of the vehicle and its owner, in the furtherance of traffic safety, its enforcement and the proper regulation of the use of the highways; " (p. 573) and (2) that matter advertising the World's Fair or any other private corporation in no way serves to further the purpose or intent of the law requiring display of registration plates.

The Commissioner appeals (as limited by his brief) insofar as the order grants the petition with respect to the 1964 license plates. The petitioner appeals insofar as the order denies him the relief requested with respect to the 1965 license plates.

In our opinion, the order insofar as it grants the petition should be reversed; and insofar as the order denies the petition it should be affirmed, and the petition dismissed.

Petitioner has sufficient status to maintain the present proceeding because he is being required to attach to his private automobiles license plates a legend which advertises a private corporation. Therefore, his private rights are allegedly being

invaded (*Doolittle* v. *Supervisors of Broome County*, 18 N. Y. 155, 163).

The sole statutory authority for the Commissioner to prescribe what shall be placed on license plates is contained in section 402 of the Vehicle and Traffic Law, which, insofar as pertinent, provides:

" 1. No person shall operate, drive or park a motor vehicle on the public highways of this state unless such vehicle shall have a distinctive number assigned to it by the commissioner * * * conspicuously displayed * * *.

" 2. Such number plates shall be of such material, form, design and dimensions and contain or set forth such distinguishing number or other identification marks as the commissioner shall prescribe ".

The question is whether, under the power of the Commissioner to prescribe the " material, form, design and dimensions " of license plates, the Commissioner is empowered to place " World's Fair " thereon for the years 1964 and 1965.

In our opinion, the Commissioner has such power because the New York World's Fair, although operated by a private corporation, is a matter of public concern, for the public good, and for the general welfare of the State.

The New York World's Fair 1964–1965 corporation is a non-profit membership corporation, no part of the net earnings of which inures to the benefit of any of its members or of any other person. Its purpose is to hold a World's Fair for educational purposes. All revenues of the Fair remaining after the discharge of its obligations will go to New York City for the restoration and improvement of Flushing Meadow Park, and the remaining balance of such revenue will thereafter be used by the City of New York for educational purposes (L. 1960, ch. 428).

In his Annual Message to the Legislature on January 6, 1960, the Governor stated that New York had acquired a tremendously valuable asset when the President of the United States recommended New York City as the site for the 1964 World's Fair and his recommendation was approved by the international organization involved, and that it has been estimated that visitors to the Fair will spend five to six billion dollars within the borders of the State.

By statute (L. 1960, ch. 429), a New York State Commission on the World's Fair was created to prepare for the State's active participation in the 1964–1965 World's Fair, including construction and maintenance of exhibits or projects at the Fair. That statute was amended in 1962 to provide that the commission shall perform such acts " as may in its judgment be neces-

sary to insure '' that '' the maximum number of visitors will be attracted to the state's exhibits and the entire state during the fair period '' (L. 1962, ch. 818).

In enacting legislation (L. 1961, ch. 897) with respect to the completion of a New York State Theatre Building at the Lincoln Center in time for the opening of the World's Fair, the Legislature stated that: '' The state, on many occasions, has demonstrated its approval of and enthusiasm for the forthcoming 1964–1965 New York World's Fair.''

Another statute (L. 1963, ch. 950) established a New York State World's Fair Exhibit fund for the construction and maintenance of a New York State Exhibit at the Fair.

The State has also appropriated large sums of money for the construction of roads in connection with the Fair.

In his Annual Message to the Legislature on January 9, 1963, the Governor stated:

'' The New York World's Fair is expected to bring 70 million visitors to New York State in 1964 and 1965. The State has acted to help assure the Fair's success and to attract these visitors to many other parts of the State as well. * * *

'' In addition, the Commerce Department is actively promoting travel to other areas of the State by Fair visitors. These efforts include overseas advertising and we expect them to produce a major increase of tourism in the State.''

In our opinion, the Commissioner had the power to prescribe that the words '' World's Fair '' be inscribed on the license plates for 1964 and 1965 because: (a) it helps further the State policy to provide the maximum number of visitors to the State's exhibits at the Fair; (b) it helps further State policy to promote travel to other parts of the State by Fair visitors; (c) if a State may advertise overseas to increase tourism in this State, the State may advertise within the State for the same purpose.

Even though the corporation conducting the Fair is a private corporation authorized to charge an admission fee, and will increase its receipts because the State will place its products on exhibition; will derive a benefit from the rent of its grounds to the State; and will realize other profits, the appropriation and expenditure of money by a State for the construction of buildings and the maintenance of an exhibit at a World's Fair are not a violation of a provision of a State Constitution that no moneys shall be drawn from the State treasury for the use or benefit of any corporation not under the exclusive management of the State. This is so because the main object of the appropriation is not to confer such incidental benefit, but rather to promote what is a matter of public concern for the public good; and such

expenditures are justified under the State's inherent general power to provide for the public welfare (*Daggett* v. *Colgan,* 92 Cal. 53). The purpose of such an expenditure is to exhibit the resources and progress of the State; it is not to promote the interests of one or a few individuals, and perhaps incidentally that of the public. The purpose is public in character, and calculated and intended to benefit the entire State (*Norman* v. *Kentucky Bd. of Managers,* 93 Ky. 537). Both of the last-cited cases were approved by the Court of Appeals in *Schieffelin* v. *Hylan* (236 N. Y. 254, 265) as examples of the validity of expenditures of public moneys for the public purpose or welfare.

While the purpose of the license plate of an automobile is for ready identification of the owner by the police and by the public (*Shuba* v. *Greendonner,* 271 N. Y. 189, 193), the fact that this is the primary purpose does not mean that a license plate may not have a dual purpose. If the secondary purpose is one that does not promote the interests of one or a few individuals, but is to promote a matter of public concern or welfare, it is our opinion that such a secondary purpose may also be accomplished by inscription on the license plate on the ground that, in operating a motor vehicle upon the public highways, the operator exercises a privilege which might be denied him, and not a right; and in the exercise of a privilege, the State may prescribe the conditions under which it shall be exercised (*People* v. *Rosenheimer,* 209 N. Y. 115). As long as the condition imposed furthers a purpose which is a matter of public concern and for the public good, the effectuation of that purpose does not violate any of this petitioner's rights. None of petitioner's arguments would have validity if the license plates carried the motto " Visit Niagara Falls." As indicated by the authorities cited (*supra*), the motto " World's Fair " is just as much a State purpose as the motto " Visit Niagara Falls " would be.

Petitioner's argument that legislation is necessary to authorize the advertising of the World's Fair on the license plates is not persuasive. There was such statutory authority for the 1939 World's Fair (L. 1937, ch. 16). Even under that legislation which specifically authorized the inscription with respect to the 1939 Fair, there was a difference of opinion in the lower courts as to the validity of the inscription (cf. *People* v. *Perkins,* 166 Misc. 520; *People* v. *McClean,* 167 Misc. 40). In our opinion, the Commissioner's administrative authority to prescribe the form of the license plates includes the right to direct the inclusion of World's Fair thereon because it does not advertise a private corporation in violation of petitioner's rights. Since it is our opinion that there has been no violation of petitioner's rights,

it is immaterial whether the inclusion of the words "World's Fair" on petitioner's license plates comes from legislative or administrative fiat.

Petitioner's argument that there is a gift or loan of State money by inclusion of the motto "World's Fair" on the license plates is without merit (*Daggett* v. *Colgan*, 92 Cal. 53, *supra*; *Norman* v. *Kentucky Bd. of Managers*, 93 Ky. 537, *supra*; both cited with approval in *Schieffelin* v. *Hylan*, 236 N. Y. 254, *supra*).

Petitioner's contention that "World's Fair" is false advertising because not all Nations or States are exhibiting therein, or that it has not been authorized by the Bureau of International Exhibits, is also without merit. The forthcoming Fair in New York is known universally by the name "World's Fair", and, therefore, the inclusion of that legend on the license plate is not false.

On the appeal by the Commissioner: the order, insofar as it granted the petition with respect to the 1964 license plates and directed the Commissioner to issue such plates without the inscription of the "World's Fair" legend or from which such inscription shall have been deleted, should be reversed on the law and the facts and in the exercise of discretion; and the petition should be denied *in toto*, without costs.

On the appeal by the petitioner: the order insofar as it denied relief with respect to the 1965 license plates and insofar as it denied the petition in all other respects should be affirmed, without costs.

CHRIST, HILL, RABIN and HOPKINS, JJ., concur.

Order modified on the law and the facts and in the exercise of discretion as follows: (a) by striking out the provisions granting the petition with respect to the 1964 automobile license plates and directing the Commissioner to issue such plates without inscription of the "World's Fair" legend or from which such inscription shall have been deleted; and (b) by substituting therefor a provision denying the petition with respect to such 1964 license plates. As so modified, order affirmed, without costs.