

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

August 14, 1969

Mrs. Marjorie Taber Ogle                     Opinion No. M-447
Executive Secretary
Board of Vocational Nurse          Re:  Validity of Art. 4528c,
  Examiners                            Sec. 5(a), V.C.S., limit-
Austin, Texas                           ing licenses of vocational
                                        nurses to United States
Dear Mrs. Ogle:                         Citizens.

     We refer to your recent request which in effect re-
quests this office to answer the following question:

    "May the Board of Vocational Nurse Examiners
    issue a nurse's license to a foreign person
    having a presence in the United States other
    than by citizenship or declaration to become
    one?"

     The Attorney General's Office has heretofore, in
Opinion dated June 1, 1939, No. 0-866, and affirmed by Opinion
No. R-2247, dated December 7, 1950, passed on the question as
to whether or not medical licenses could be limited to citizens
of the United States; and in each instance held that such a
limitation violated the provisions of the Fourteenth Amendment
to the Constitution of the United States as well as the Con-
stitution of Texas. We find the question posed in your request
analogous to the question answered in the prior opinions.

     Article 4528c, V.C.S., along with certain other specific
qualifications, requires that the applicant ". . . is a
citizen of the United States or has made a declaration of
intention of becoming a citizen. . ."

     A succinct statement of the law, by various text
writers, covering the issuance of licenses, by states, to
aliens, is as follows:

    "The constitutional guaranty of equality
    invalidates laws denying to aliens the right
    to obtain licenses to pursue ordinary callings.

The power of the state to make reasonable
classifications in legislating to promote
the health, safety, morals and welfare of
those within its jurisdiction does not go
so far as to make it possible for the state
to deny lawful inhabitants, because of their
race or nationality, the ordinary means of
earning a livelihood. Am.Jur.2d 886, Aliens
and Citizens.

"In the enactment of license laws, the
state must observe the equal 'protection' clause
of the Federal Constitution, which corresponds
to the provisions of the Constitution of the
State of Texas guaranteeing equality of rights
to all persons. The guaranty of the Fourteenth
Amendment is applicable to all persons within
the territorial jurisdiction of the state, in-
cluding aliens." 27 Tex.Jur., 874, License,
Sec. 27.

The term "any person" as used in the Fourteenth Amend-
ment has been construed to include aliens. Truax v. Raich, 239
U.S. 33 (1915); Colyer v. Skeffington, 265 Fed. 17 (D.C. Mass.,
1920).

In passing upon the validity of an Arizona statute
requiring employers hiring more than five employees to employ
not less than 80 per cent qualified electors or citizens of
the United States or some subdivision thereof, the Supreme
Court of the United States in Truax v. Raich, cited above, stated
at p. 42:

"The authority to control immigration--to
admit or exclude aliens--is vested solely in the
Federal Government. Fong Yue Ting v. United States,
149 U.S. 698, 713. The assertion of an authority
to deny to aliens the opportunity of earning a
livelihood when lawfully admitted to the state
would be tantamount to the assertion of the
right to deny them entrance and abode, for in
ordinary cases they cannot live where they
cannot work. And, if such a policy were per-
missible, the practical result would be that
those lawfully admitted to the country under
the acts of Congress, instead of enjoying in
a substantial sense and in their full scope
the privileges conferred by the admission,

would be segregated in such of the states as
chose to offer hospitality."

In the case of <u>Wormsen v. Moss</u>, 29 N.Y.S.2d 798,
803, 804 (1941), we find an excellent discussion by the Court,
amply supported by citations, of the right of a state to deny
or issue license for various occupations where the applicants
are aliens, and reads as follows:

"The Fourteenth Amendment to the Consti-
tution is not confined to the protection of
citizens. It applies to all persons within
the territorial jurisdiction, without regard
to differences of race, creed, color and nation-
ality. Yick Wo v. Hopkins, 118 U.S. 356, 369,
6 S.Ct. 1064, 30 L.Ed. 220. Thus the alien,
like the citizen, has the right to engage in a
lawful occupation. If the calling is one that
the State, in the exercise of its police power,
may prohibit either absolutely or conditionally,
by the exaction of a license, the fact of
alienage may justify a denial of the privilege.
But even then, there must be some relation be-
tween the exclusion of the alien and the pro-
tection of the public welfare. People v. Crane,
supra, 214 N.Y. at page 169, 108 N.E. 427.
Classification as between citizens and aliens is
permissible, but the classification must have some
reasonable basis in the welfare of the community.
Miller v. City of Niagara Falls, 207 App.Div. 798,
202 N.Y.S. 549; Magnani v. Harnett, supra. Thus,
in a case involving a state statute which restricted
licenses for barbers to citizens of the United
States, the court said: 'In the present case the
relator's business is in no way injurious to the
morals, the health, or even the convenience of
the community, provided only he has the requi-
site knowledge upon the subjects prescribed by
the legislature to practice his calling without
endangering the health of his patrons. To hold
that he is not entitled to practice this call-
ing, because not a full citizen of the United
States, is to deny to him rights which we think
are preserved by the fourteenth amendment.'
Templar v. State Board of Examiners of Barbers,
131 Mich. 254, 258, 90 N.W. 1058, 1060, 100 Am.
St.Rep. 610. The reasoning of that case is

peculiarly applicable to that of the petitioner Larsen-Bak. Moreover, clear evidence of the fact that there is no relation here between the exclusion of an alien and the public welfare, is to be found in the recent enactment by the City Council New York City Local Laws No. 52-1941, effective June 30, 1941. That law lifted the restriction of the so-called Lyons Residence Law for a limited time so as to permit the employment of alien declarant doctors, internes and nurses in city hospitals. If the public interest furnishes no reason for their exclusion from public service, it cannot furnish such a reason for the exclusion of a declarant massage operator who seeks to pursue a private calling."

The only Texas authority we find in support of the above position is the case of Poon v. Miller, 234 S.W. 573 (Tex.Civ. App. 1921, no writ), in which case the court cited with approval the case of Templar v. Board of Examiners, 90 N.W. 1058 (Mich. Sup. 1902), which held that a statute that denied the right to a certificate as a licensed barber to any alien was unconstitutional under the provisions of the Fourteenth Amendment.

While aliens are not entitled to all of the privileges of citizens, we have found no authority to support the denial of the right to take the examination for a licensed vocational nurse, and upon making a satisfactory grade thereon, is entitled to be licensed as a vocational nurse in the State of Texas and the granting of the license cannot be denied because such person is not a citizen of the United States nor has made a declaration of intention of becoming a citizen. Therefore, we answer the question presented in the affirmative.

### S U M M A R Y

The Board of Vocational Nurse Examiners may issue a license to an alien, lawfully in the United States, who possess all of the other qualifications set forth in Art. 4528c, Sec. 5(a), V.C.S., and who has successfully passed the required examination, even though such person has not made a declaration of intention of becoming a citizen.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Gordon C. Cass
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
George Kelton, Vice-Chairman
Sam L. Jones
Phil Warner
James Quick
Jack Sparks

HAWTHORNE PHILLIPS
Executive Assistant

W. V. GEPPERT
Staff Legal Assistant