█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT P. RIBBLE, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant's chief contention on this appeal from his conviction of burglary in the third degree and petit larceny is that it was error to admit into evidence his signed confession because it was obtained in violation of his Fourth Amendment rights. The unrefuted evidence at the *Huntley* hearing shows that Police Lieutenant Davies, who knew defendant on a first name basis, and Officer Pastrick went to defendant's apartment building, found him in the hall, and told him that they would like to talk with him at the police station. Although defendant was considered a possible suspect in the burglary of a paint store the police concededly did not have probable cause to arrest him. Defendant agreed to go and willingly accompanied the police. Upon arrival at the police station the officers explained that they wanted to ask him about the burglary and gave him the *Miranda* warnings. Defendant responded that he understood his rights and that he was willing to talk to them. Defendant then, in response to questions, confessed to participating in

the burglary. The confession was reduced to a written statement which he signed. At no time did defendant request counsel or ask that the questioning be stopped. Nor is there any indication that defendant at any time expressed any unwillingness to go to the police station or to talk to the police or that in fact he was ever unwilling to do either. There was no evidence to the effect that the officers threatened or intimidated defendant, that they physically restrained him, or that they would at any time have detained him had he declined to accompany them or attempt to leave. We do not agree with defendant that *Dunaway v New York,* (442 US 200) compels a reversal. The record here does not support a finding as did the record in *Dunaway* that defendant was "seized" in the Fourth Amendment sense when he was taken to the police station. Here there is nothing to suggest that defendant did not accompany the officers willingly or that his freedom of movement was restrained by means of physical force or show of authority (see *United States v Mendenhall,* 446 US 544). Nor is *Brown v Illinois* (422 US 590), which involved the admissibility of statements taken after an illegal arrest, applicable. Inasmuch as the record before us does not show that defendant was seized or arrested, there is no basis for reversal. (Appeal from judgment of Steuben County Court—burglary, third degree and petit larceny.) Present—Hancock, Jr., J. P., Schnepp, Callahan, Doerr and Witmer, JJ.