OPINION OF THE COURT
Steven L. Barrett, J.
The defendant, Israel Baez, is charged with violating Penal Law § 165.40 (criminal possession of stolen property in the third degree) and Penal Law §§ 110.00 and 170.70 (attempted illegal possession of a vehicle identification number [V.I.N.] plate). He now moves to suppress physical evidence, to wit: a 1972 Volkswagen and a rivet gun seized during a search of the car. A Mapp hearing was held on November 19, 1984. On the basis of the facts, testimony, and applicable case law in this matter, the court finds that defendant’s motion to suppress must be granted.
On March 2, 1984, at approximately 2:00 a.m., Police Officer Gary Rivkin, assigned to the Bronx Task Force Auto Larceny Unit, was on routine motor patrol with Sergeant James Appetelli and another officer. The officers were at the location of Kingsbridge Road and Morris Avenue, when Officer Rivkin observed the defendant Israel Baez operating a 1972 Volkswagen. As defendant Baez’s vehicle was stopped for a traffic light, Police Officer Rivkin testified that he observed that the rear license plate of the vehicle was "wired”, which he believed not to be in accordance with the Vehicle and Traffic Law. He testified that although the license plate was not swinging, it was fastened by uninsulated wire directly along the base of the license plate.
Thereafter, Officer Rivkin stopped the vehicle and requested that the defendant Baez produce his license and registration. Officer Rivkin testified that defendant Baez produced a registration that corresponded to the license plate. Officer Rivkin then proceeded to inspect the vehicle identification which was riveted to the left side of the driver’s dashboard. He testified that upon inspecting the V.I.N. plate, he observed that the rivet holding the V.I.N. plate was "half hanging out — like stuck on”, and not securely fastened. Officer Rivkin further *691 testified that his experience would lead him to conclude that the V.I.N. plate, "might have been tampered with because the manufacturer always fastens the V.I.N. plate very securely being there is only one rivet securing it.” Officer Rivkin then sought to examine the automobile’s Federal inspection sticker. The inspection revealed that the Federal sticker had been removed. Police Officer Rivkin then inspected the police vehicle identification number, located underneath the rear seat of the vehicle. Upon inspecting the rear vehicle identification, the officer observed that the number had been "welded out and replaced”. Officer Rivkin drew these conclusions based on perimeter "body putty and weld marks” surrounding the V.I.N. plate. Defendant Baez was brought to the precinct, where it was determined that the vehicle (the true V.I.N. of which was not 1122608756) was stolen. The defendant was placed under arrest and an inventory search of the vehicle was conducted, wherein a rivet gun was recovered from the rear seat area of the vehicle.
During the pretrial suppression motions, the court granted an application to subpoena any and all registration and title renewal documents pertaining to a 1972 Volkswagen (V.I.N. 1122608756) belonging to Avelino Rosado, allegedly defendant Baez’s cousin, or Israel Baez himself. The application was made to support the contention that the defendant, Israel Baez, possessed sufficient standing by reason of an ownership interest in the 1972 Volkswagen to challenge the instant police stop and search. The documentation indicated that the listed owner of the vehicle with V.I.N. 1122608756 is Avelino Rosado, who is listed in the certification of registration issued on February 10, 1984. The same 1972 Volkswagen had been previously registered by the defendant, Israel Baez, on June 22, 1983, and ownership of the same vehicle was transferred to Avelino Rosado on February 10, 1984.
The defendant contests the legality of the search of the automobile on the grounds that the police officer stopped the vehicle on the sole predicate that the license plate was wired onto the car rather than bolted, which itself did not constitute a traffic infraction. This stop, it is argued, was without the requisite cause and the search and seizure that followed was conducted in violation of defendant’s constitutional rights.
The People assert that Police Officer Rivkin’s stop of the automobile was premised upon "specific and articulable facts which, taken together with rational inferences from this fact” warranted the intrusion, and that an actual violation is not *692 required to authorize a stop for a "routine traffic check”. Therefore, the case at bar presents the novel question of whether an automobile traveling with a license plate affixed by wire instead of bolts may be constitutionally stopped.
Before addressing this question, the court must decide whether the defendant possesses standing to contest the legality of the search and seizure independent of the legality of the initial stop. In Rakas v Illinois (439 US 128, 142 [1978]), the court rejected the concept of "automatic standing” as "too broad a gauge for the measurement of Fourth Amendment rights.” The court looked to Katz v United States (398 US 347, 353 [1976]), which held that "capacity to claim the protection of the Fourth Amendment depends not upon a property right in the invaded place but upon whether the person who claims the protection of the Amendment has a legitimate expectation of privacy in the invaded place.” (Rakas v Illinois, supra, p 143.) As stated in Justice Powell’s concurring opinion in Rakas, "[t]he ultimate question, therefore, is whether one’s claim to privacy from government intrusion is reasonable in light of all the surrounding circumstances.” (Rakas v Illinois, supra, p 152.)
In People v Ponder (54 NY2d 160, 165 [1981]), the Court of Appeals declared that it was appropriate " 'to require of one who seeks to challenge the legality of a search as the basis for suppressing relevant evidence that he * * * establish, that he himself was the victim of an invasion of privacy’ ” (quoting Jones v United States, 362 US 257, 261 [1960]). Therefore, New York courts on the basis of Ponder have held that a defendant may challenge the validity of a warrantless search only where he can demonstrate that he had a legitimate expectation of privacy in the area or subject of the search.
Here, the defendant was apprehended driving a vehicle which was registered and owned by Avelino Rosado, to whom he had previously sold the car. Based on the scope of protections afforded to individuals under the US Constitution 4th Amendment, the court finds that defendant could not derivatively obtain the requisite standing to challenge the legality of the instant search. The wrongful possession by Avelino Rosado invalidates any expectation of privacy that our society is willing to recognize in that individual or in anyone seeking to claim an interest derived from his interest. (See, United States v Sanchez, 635 F2d 47, 64 [2d Cir 1980]; United States v Manzanilla-de-Jesus, 507 F Supp 462, 465 [US Dist Ct, SDNY 1981]; compare, United States v Ochs, 595 F2d 1247, 1253 [2d *693 Cir 1979]; People v Cacioppo, 104 AD2d 559, 560 [2d Dept 1984].)
Notwithstanding that defendant Baez does not have standing to challenge the search based on a claim of a privacy interest in the vehicle itself, he is entitled to challenge the unlawful interference with his person. If the facts demonstrate that a challenged search was the direct and immediate result of an illegal stop, the defendant may successfully suppress the results of that search under the traditional doctrine of fruit of the poisonous tree. (People v Gittens, 110 AD2d 908 [2d Dept 1985]; People v Jones, 125 Misc 2d 91, 95-96 [Sup Ct, NY County 1984].)
Under New York law, "absent at least a reasonable suspicion that its occupants had been, are then, or are about to be, engaged in conduct in violation of law, the stopping of an automobile by the police constitutes an impermissible seizure”. (People v Sobotker, 43 NY2d 559, 563 [1978], citing People v Ingle, 36 NY2d 413 [1975].) Here, the record reveals that Officer Rivkin predicated his stop of the vehicle based on the fact that the license plate was wired, and not secured by bolts, which he concluded was a violation of Vehicle and Traffic Law § 402. The relevant portion of Vehicle and Traffic Law § 402 states: each "vehicle shall have * * * a set of number plates * * * one on the front and one on the rear of such vehicle, each securely fastened so as to prevent the same from swinging * * * Number plates shall be kept clean and in a condition so as to be easily readable and shall not be covered by glass or any plastic material, and the view thereof shall not be obstructed by any part of the vehicle or by anything carried thereon.” (Emphasis supplied.)
It is apparent from Officer Rivkin’s hearing testimony that the stop of defendant Baez was exclusively based on the fact that defendant Baez’s license plate was affixed by wire. He testified that the vehicle license plate was not "swinging”. The court is not persuaded that Vehicle and Traffic Law § 402 commands that bolting be the only means of affixing a license plate. The court finds that the intent of Vehicle and Traffic Law § 402 is to insure that automobile license plates are securely affixed so as to facilitate immediate identification. (See, Matter of Froslid v Hults, 20 AD2d 498 [3d Dept 1964], appeal dismissed 14 NY2d 722 [1964].)
The court is mindful that the Court of Appeals in People v Ingle (36 NY2d 413, 420, supra) stated that "[a]n actual *694 violation of the Vehicle and Traffic Law need not be detectable * * * [what] is required is that the stop not be the product of mere whim, caprice, or idle curiosity.” However, Officer Rivkin’s testimony revealed that his stop of defendant Baez was simply based on a hunch: "Your honor, when I see a car with swinging plates or wired plates, sometimes leads me to stolen vehicles which is my assignment.” The officer did not define any additional suspicion of criminality, i.e., general dilapidation of the automobile, furtive movements or evasive actions on the part of the driver. I hold that the stop based exclusively on the manner of attachment of the plate was no more than a seizure based on whim, caprice, or idle curiosity.
Accordingly, I find that the stop of defendant Baez by Police Officer Rivkin, was a seizure in violation of defendant’s constitutional rights under the 4th Amendment. Since all further actions by the police officer were a direct result of the initially illegal stop, this search and seizure was tainted and all evidence obtained therefrom must be suppressed.