■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT RIVERS, Appellant.—Judgment unanimously reversed on the law and facts, defendant's motion to suppress granted and defendant remanded to Supreme Court, Onondaga County, for further proceedings on the indictment. Memorandum: Defendant pleaded guilty to burglary in the second degree following denial of his motion to suppress. Defendant contends on appeal that the motion should have been granted because the police lacked legal justification to stop the vehicle in which defendant was riding. We agree.

Police officers, responding to a report concerning two suspicious males at a restaurant in a shopping plaza, observed from the parking lot two men matching the dispatcher's description and later identified as codefendants Fort and Wright. The officers did not observe any suspicious behavior by either man. The officers also observed defendant and a woman (Hall) in a jewelry store talking to the owner. The officers had the dispatcher contact the owner, who stated that defendant and Hall were trying to sell silverware contained in a brown suitcase. The police then observed Fort, Wright, defendant and Hall approach a car in the parking lot and then return to a pizza shop in the plaza. About 15 minutes later Hall left in the car and shortly thereafter the three men left in a taxicab. One of the officers followed the car and, upon discovering that the license plates did not match the vehicle and observing Hall driving in an erratic manner, stopped the car. Hall produced a license in someone else's name and stated that her boyfriend owned the car. At this point the police impounded the car and towed it to the police station and began, but did not finish, issuing traffic tickets to Hall for failure to keep right, no registration and no insurance. The officer observed a brown suitcase in the car.

Another officer, after hearing on the police radio that Hall had been stopped, pulled behind the taxicab with lights flashing, stopped the cab, and requested identification from Fort, Wright and the defendant. Fort and Wright produced identification cards and defendant wrote his name and Social Secu-

rity number on a piece of paper. The officer then ran a records check and discovered no outstanding warrants on any of the men. Nevertheless, the officer directed the men in the cab to proceed to the police station, ostensibly to await the results of the inventory of the car Hall was driving and to provide Hall transportation home. The three men were detained and interrogated at the police station for more than two hours. Defendant was not formally arrested until their investigation revealed that the silver items in the brown suitcase had been stolen in a burglary.

Although defendant may not have standing to challenge the stop of the taxicab based on a claim of a privacy interest in the vehicle itself *(see, Rakas v Illinois,* 439 US 128; *People v David L.,* 56 NY2d 698, *revg* 81 AD2d 893, *cert denied* 459 US 866), he is entitled to challenge the unlawful interference with his person that necessarily resulted from the stop of the cab *(see, People v Gittens,* 110 AD2d 908; *People v Mejia,* 133 Misc 2d 755, 758-760; *People v Baez,* 131 Misc 2d 689, 693; *People v Jones,* 125 Misc 2d 91, 94-96; *People v Castro,* 125 Misc 2d 15, 18-20; *see also,* 1 LaFave & Israel, Criminal Procedure § 9.1, at 726). When the police forcibly stopped the cab, they seized the occupants riding in it *(see, Delaware v Prouse,* 440 US 648; *People v Sobotker,* 43 NY2d 559). Absent reasonable suspicion that the occupants had been, were then, or were about to be engaged in criminal activity, the stop of the car by the police was an impermissible seizure *(see, People v Ingle,* 36 NY2d 413, 418).

The record here is bare of any objective evidence of criminal activity by the defendant at the time the taxicab was stopped. The fact that the car Hall was driving may have been validly stopped in no way justified the stop of defendant or his companions merely because the four people had been seen together earlier in or near the car. Nor did the fact that defendant and Hall were seen in a jewelry store attempting to sell the owner silver from a brown suitcase turn what was unremarkable behavior into conduct that had qualitative significance. The police had no reasonable basis to suspect that the silver was stolen, or that defendant was not a jeweler, or antique dealer, or otherwise legitimately in the store. The conduct of defendant was not evasive or furtive in any way prior to the time the cab was stopped. In sum, defendant's behavior was at least as compatible with his innocence as with his guilt *(see, People v Carrasquillo,* 54 NY2d 248, 252; *People v De Bour,* 40 NY2d 210, 216-217;

*People v Corrado,* 22 NY2d 308; *People v Allen,* 109 AD2d 24, 32).

Moreover, even assuming that the stop was valid, the detention of defendant at the police station for over two hours was unlawful because it was based on less than probable cause *(see, Dunaway v New York,* 442 US 200). The record does not support the hearing court's finding that defendant was free to leave once he arrived at the police station. Defendant asked to leave several times and was told by the police officers that he could not do so. Had defendant attempted to leave he would have been detained *(see, People v Brnja,* 50 NY2d 366, 372). Until the silver was identified, the police had no more information connecting defendant to a crime than they had over two hours before when they stopped the cab in which defendant was riding. While a detention for a short period of time reasonably related in scope to the circumstances justifying an initial stop may be justifiable under certain limited circumstances *(see, United States v Sharpe,* 470 US 675; *People v Hicks,* 68 NY2d 234, 241-243), the detention of defendant on the pretext that Hall would need a ride home is not reasonable under any view of the hearing testimony.

Accordingly, since the police had no justification for detaining defendant or to detain him for a lengthy period following the stop, defendant's motion to suppress the statements he made to the police following the stop should have been granted *(see, People v Sobotker, supra; People v Allende,* 39 NY2d 474, 477; *People v Cantor,* 36 NY2d 106, 113). (Appeal from judgment of Supreme Court, Onondaga County, Gorman, J.—burglary, second degree.) Present—Dillon, P. J., Boomer, Green, Balio and Lawton, JJ.