■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEAN J. ANDERSON, Appellant.—Judgment unanimously affirmed. Memorandum: The first issue on this appeal is whether defendant had been seized without probable cause before he made incriminating statements *(see, Dunaway v New York,* 442 US 200). It is conceded by defendant that initially he voluntarily accompanied the police officers to the station for questioning. He was not arrested, nor was he handcuffed or otherwise restrained before or at the time of his arrival at the station. He accompanied the officers to the interview room, where he was fully advised of his *Miranda* rights, voluntarily waived those rights, and agreed to speak with the officers. Although defendant repeatedly denied any involvement in the crimes, he subsequently admitted their commission and agreed to sign a statement. Resolution of the issue presented turns on whether the officers' conduct in continuing

to question defendant after he denied any involvement in the crimes caused the consequential encounter to ripen into a seizure on less than probable cause *(see, Immigration & Naturalization Serv. v Delgado,* 466 US 210; *People v McNeeley,* 77 AD2d 205).*

There is nothing in the record to suggest that such a ripening occurred. While defendant, who was not a stranger to law enforcement *(see, People v Wilson,* 96 AD2d 653), was not specifically told that he was free to leave the police station, he never made a request to leave *(cf., People v Rivers,* 129 AD2d 983) and was not physically compelled to remain. He never withdrew his agreement to speak with the officers and it appears that he was free to leave at any time. The record thus supports the hearing court's determination that the encounter was voluntary and that defendant was not in custody until after he made incriminating statements *(see, People v Yukl,* 25 NY2d 585, *cert denied* 400 US 851; *People v McNeeley, supra).* It follows that suppression of the statements as the fruit of an illegal detention was properly denied.

Defendant also contends that at the *Huntley* hearing he was denied his constitutional right under the Sixth Amendment to have compulsory process to obtain a witness in his favor *(see, Washington v Texas,* 388 US 14; *see also, People v Morales,* 37 NY2d 262). The only witness called by the People at the hearing was Officer Partipelo whose testimony made clear the People's position that until defendant made incriminating statements there had been no probable cause for his arrest. After the People rested, defendant called Officer Funicello, who also stated that defendant voluntarily accompanied police to the station, but further testified that the elderly victim of the crimes had previously either identified defendant as her assailant or had suggested to Funicello that defendant fit the description of her assailant. Thereafter, defense counsel stated that she would subpoena the victim in order to contradict Officer Funicello's testimony. She further announced that the purpose of the victim's testimony would be to demonstrate the absence of probable cause for defendant's initial detention. Even though the People had not claimed that there was probable cause at that point in the encounter, the court nevertheless accepted counsel's statement of what the victim's testimony would be and specifically credited that version by finding that the victim did not identify defendant or otherwise suggest to the police that defendant committed the crime. The court affirmatively found that the police did not have probable cause to seize the defendant until after defendant had incrimi-

nated himself at the police station. Thus, defendant was neither prejudiced nor aggrieved by the court's order of protection prohibiting issuance of a subpoena to the victim, and a reversal is not warranted. (Appeal from judgment of Oneida County Court, Darrigrand, J.—rape, first degree, and other charges.) Present—Dillon, P. J., Callahan, Green, Balio and Lawton, JJ.