■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

916

JAMES SALAMONE, Appellant.—

We affirm the denial of defendant's motion to suppress statements made at the police station. Defendant telephoned police and made arrangements to speak with them at the station. At an arranged time, officers in plain clothes met defendant at his grandmother's residence. Defendant told his grandmother he would return in a few minutes and then voluntarily accompanied police in their unmarked car. He was not handcuffed or restrained in any way, and police gave no indication that he was not free to go. Defendant was advised of his *Miranda* rights at the station, voluntarily waived those rights and made an oral statement that was reduced to a writing. Defendant then voluntarily signed the written statement. Under the circumstances, defendant was not in custody when the statements were made *(see, People v Anderson,* 145 AD2d 939, *lv denied* 73 NY2d 974; *People v Ribble,* 77 AD2d 814),* and suppression should have been denied upon that ground *(see, People v Bertolo,* 65 NY2d 111, 116). (Appeal from judgment of Monroe County Court, Maloy, J.—manslaughter, second degree.) Present—Dillon, P. J., Denman, Green, Balio and Lawton, JJ.