██ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR VEGA, Appellant.—Judgment unanimously reversed on the law, motion granted and indictment dismissed. Memorandum: On this appeal from a judgment convicting him of criminal possession of a controlled substance in the first degree (Penal Law § 220.21 [1]), defendant contends that the police lacked reasonable suspicion to stop the car in which he was riding and, therefore, the tangible evidence seized in the subsequent search of the vehicle should have been suppressed as the fruits of the illegal stop. We agree.

The salient facts are not disputed. In the early morning hours of November 13, 1989, two Rochester police officers sat in their marked police car in the Amtrak parking lot, conducting a surveillance of the Amtrak train station in Rochester. One of the officers had received information within the previous five days, from an unnamed informant, that "Hispanic individuals have been using the Amtrak station as a transporting point" and that "trains coming in from New York City" were being used to transport drugs into Rochester. While stationed as described, the officers observed three Hispanic males drive into the parking lot in a blue Toyota. As the men walked toward the station past the marked police cars, they looked over their shoulders at the officers "at least 2 or 3 times". A train arrived at the Amtrak station at approximately 4:00 A.M. Defendant exited the train carrying a brown duffel bag. He was greeted by the three Hispanic males that the officers had been surveilling. The four men entered the blue Toyota and the car left the station. The officers followed for a short distance and then stopped the Toyota. One of the officers stated that he "stopped the vehicle because, based on my prior training and the way they were acting, I wanted to stop them to inquire what was going on". Following the stop, the officers observed a white powdery substance that they believed to be cocaine on the front and rear seats of the Toyota. The occupants were directed out of the car. An officer asked defendant what was in the duffel bag. The defendant said the bag contained clothes. The officer said "fine" and immediately searched the bag. Inside he found a brown paper bag that contained a smaller plastic bag. Another police officer opened the plastic bag and found two rectangular "bricks". It is not disputed that the substance seized was cocaine.

The record is barren of any objective evidence to support a reasonable suspicion that, at the time the Toyota was stopped, the occupants "had been, were then, or were about to be engaged in criminal activity" *(People v Rivers,* 129 AD2d 983,

984; *see also, People v Hoglen,* 162 AD2d 1036, 1037, *lv dismissed* 76 NY2d 987). It is well established that the forcible stop of a motor car on a public highway constitutes a seizure of its occupants *(see, Delaware v Prouse,* 440 US 648; *People v Sobotker,* 43 NY2d 559, 563; *People v Ingle,* 36 NY2d 413, 418) and "such a stop is justified only when conducted pursuant to 'nonarbitrary, nondiscriminatory, uniform' highway traffic procedures, or when there is specific cause or, at least, *reasonable* suspicion that a motorist is about to violate a law" *(People v Sobotker, supra,* at 563). Here, the tip furnished by the unnamed confidential informant did not "carry sufficient indicia of reliability to justify the forcible encounter" *(People v Moore,* 32 NY2d 67, 70, *cert denied* 414 US 1011). Furthermore, no evidence was tendered regarding either the informant's reliability or the basis of his knowledge *(see, People v Earley,* 76 AD2d 335, 340-341). We reject the People's assertion that the informant's tip, coupled with the behavior and conduct of the vehicle's occupants, provided reasonable suspicion sufficient to justify the stop of the Toyota. We conclude, therefore, that the stop of the Toyota and the seizure of the defendant was unlawful and the fruits of that seizure must be suppressed *(see, People v Cantor,* 36 NY2d 106, 114). Since the contraband seized forms the basis for the sole count of the indictment charging defendant with criminal possession of a controlled substance, the indictment must be dismissed *(see, People v Hoglen, supra,* at 1038). (Appeal from Judgment of Monroe County Court, Marks, J.—Criminal Possession Controlled Substance, 1st Degree.) Present—Denman, P. J., Boomer, Pine, Lawton and Davis, JJ.