■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REGINALD YOUNG, Appellant. [610 NYS2d 417] —Judgment unanimously reversed on the law, motion to suppress granted and indictment dismissed. Memorandum: Defendant contends that the police lacked legal justification to stop or arrest him and therefore County Court erred in denying his motion to suppress the gun recovered as a result of that conduct. The People concede that the police did not have probable cause to arrest defendant. They assert, however, that the police had reasonable suspicion for the forcible stop and frisk of defendant. We disagree. CPL 140.50 (1) states that a police officer may stop an individual in a public place when the officer has reasonable suspicion that "such person is committing, has committed or is about to commit either (a) a felony or (b) a misdemeanor defined in the penal law".

The police officers testified that, when they observed defendant and his companion walking down the street, there was no indication that they had been involved in criminal activity. The sole basis for their detention of defendant was a radio bulletin from a police investigator requesting them to bring defendant to headquarters for questioning. The investigator testified that he requested that defendant be stopped and brought to headquarters based on a reliable informant's statement that defendant and a number of other men had been sitting in a parked car outside a building where a homicide occurred. The informant told the investigator that he observed another individual run out of that building, yell back toward the building that he wanted his money and then enter the car where defendant was seated. Because defendant's presence with a number of individuals in a car parked outside the scene of a homicide is as susceptible to an innocent as to a culpable interpretation, that fact did not provide reasonable suspicion that defendant was involved in a crime *(see, People v Rivers,* 129 AD2d 983, 984; *see also, People v Carrasquillo,* 54 NY2d 248, 252; *People v De Bour,* 40 NY2d 210, 216-217). Moreover, when the informant made those observations, he had no knowledge that a homicide had occurred. Although the deceased was shot repeatedly, the informant did not hear any shots before the individual left the building. Additionally, there is no evidence that the homicide occurred immediately

before or after the informant's observations. Consequently, the People had no specific and articulable facts to provide reasonable suspicion that defendant had committed a crime to justify his forcible detention *(see, People v Cantor,* 36 NY2d 106; *People v Rivers, supra; People v Bronston,* 113 AD2d 627, *affd* 68 NY2d 880). The initial seizure of defendant was therefore unlawful and defendant's motion to suppress the fruit of that illegal seizure, i.e., the weapon, must be granted. Because the item suppressed constitutes the sole evidence against defendant, we dismiss the indictment. (Appeal from Judgment of Oneida County Court, Mulroy, J.—Criminal Possession Weapon, 3rd Degree.) Present—Denman, P. J., Balio, Lawton, Fallon and Davis, JJ.